DAVENPORT v. SPARKMAN. (No. 30–2671.)

(Commission of Appeals of Texas, Section A. Feb. 12, 1919.)

1. VENDOR AND PURCHASER ⬨⟳46—CONSTRUCTION OF CONTRACT.

Land contract must be construed as a whole, and cannot be paragraphed and paragraphs construed in severalty without reference to each other, where it is apparent that they are corelated and interdependent.

2. VENDOR AND PURCHASER ⬨⟳143—INSUFFICIENCY OF ABSTRACT—WAIVER.

Where land contract gave purchaser specified period after vendor had furnished abstract in which to examine same and specify defects of title, purchaser, upon failure to object to sufficiency of abstract during such period, could not, after expiration thereof, urge such insufficiency as a breach of the contract and as ground for his refusal to perform.

3. VENDOR AND PURCHASER ⬨⟳105(1)—NONPERFORMANCE—FORFEITURE OF EARNEST MONEY.

Where land contract obligated purchaser to point out defects in title within specified time, purchaser, refusing to perform and failing to point out defects during specified period *held* to forfeit note deposited by him.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by B. H. Davenport against W. G. Sparkman and another. Judgment for plaintiff against defendant named reversed by Court of Civil Appeals, 160 S. W. 410, and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

R. H. Templeton, of Wellington, and Barrett & Jones, of Amarillo, for plaintiff in error. J. L. Rudy, of Bowie, Stark & Stark, of Jacksboro, and Turner & Wharton, of Amarillo, for defendant in error.

SONFIELD, P. J. On the 12th day of August, 1911, B. H. Davenport and W. G. Sparkman entered into a contract wherein Davenport, as independent executor of the estate of M. W. Davenport deceased, agreed to sell and convey to W. G. Sparkman, sections numbered 49 and 50 in block No. 10, H. & G. N. R. Co. survey, Collingsworth county for the agreed consideration of $19,200, $4,000 cash payable on the 1st day of January, 1912, the balance of the purchase money to be evidenced by eight vendor's lien notes, each in the sum of $1,900, due and payable as provided in the contract. The parts of the contract material herein read as follows:

"This contract is conditioned that the party of the first part will procure and deliver to party of the second part deeds and abstracts of title to the above-described property within ten days from date, and party of the second part will then have ten days to have said abstract examined by his attorney; if the title as shown by the abstract is good and valid, then first party will make deeds to said land to each tract of land; if title as disclosed by said abstract is not good, then the second party shall procure and submit to party of the first part a statement in writing containing the objections to said abstract within ten days from the date of receiving said abstract. If said objections are of such a character that they can be cured and removed within the period of time not to exceed January 1, 1912, then said first party shall be obligated to so cure and remove said objections at his own expense, and it is hereby agreed and understood that the said party of the first part shall have sufficient time to cure the objections and resubmit to party of the second part for his approval.

"But, if the title to said property as shown by said abstract is not good, and objections thereto are not cured and removed by said first party within the time hereinbefore stated, then the said second party shall have the right to declare this contract at an end and no longer binding on him, and same shall become null and void and the said second party shall be entitled to return of all property paid by him by reason of this contract.

"As an evidence of good faith and in earnest of this contract, the said party of the second part has this day made and executed a note for the sum of $3,000 in favor of B. H. Davenport, and due January 1, 1912, secured by chattel mortgage on certain mules in Jack county, Texas, with the understanding that, if the said first party does make and tender to the party of the second part a good and perfect deed to said land conveying to the said second party, for the price and on the terms hereinbefore stated, and does in fact deliver a complete abstract of title to said property, and the abstract shows good title to said land within the time hereinbefore stated, and said second party fails or refuses to keep and perform the obligations herein imposed upon him by this agreement and make the cash payment of $4,000, on January 1, 1912, as provided in said deed for cash, then and in that event he shall forfeit to said first party the aforesaid sum of $3,000 as evidenced by the said promissory note, as liquidated damages."

In compliance with the contract, the note in the sum of $3,000 was duly executed by Sparkman, together with the chattel mortgage and five vendor's lien notes, executed by R. T. Hughes, payable to Sparkman, were delivered as collateral security under a provision of the contract not hereinabove set out.

B. H. Davenport, plaintiff, brought suit against W. G. Sparkman and R. T. Hughes, defendants, to recover on the said note and for foreclosure of the chattel mortgage and the lien evidenced by the five vendor's lien notes executed by defendant R. T. Hughes.

Defendant Sparkman defended on the ground that the note sued on was executed in accordance with the contract, and was pay-

able only in the event of compliance with the contract by plaintiff and default by defendant; that the contract was breached by plaintiff because the abstract furnished was not a complete abstract as contemplated by the contract, it did not show good title in plaintiff, and the deeds tendered were insufficient to invest defendant with title to the land. Defendant Hughes adopted the answer of defendant Sparkman.

The cause was tried before the court and judgment rendered in favor of plaintiff against the defendant Sparkman for the principal and interest of said note, together with 10 per cent. attorney's fees, foreclosing the chattel mortgage and the lien evidenced by the vendor's lien notes executed by defendant Hughes. On appeal by defendant Sparkman alone, the Court of Civil Appeals reversed the judgment of the district court and rendered judgment in favor of defendant. 160 S. W. 410.

[1] The contract must be construed as a whole. It cannot be paragraphed and the paragraphs construed in severalty without reference to each other, it being apparent that they are corelated and interdependent. Thus construed, the contract is unambiguous. The intent of the parties deduced from the language is evident. The obligation was upon plaintiff to furnish a complete abstract within ten days from the date of the contract. Ten days after such delivery was given defendant to cause the abstract to be examined by his attorney. If defects were disclosed through such examination, the same should be stated in writing and submitted to plaintiff. If the defects were such as could be remedied by the 1st day of January, 1912, plaintiff was obligated to remedy same within said time. Failing in this, defendant could declare the contract at an end, and was entitled to receive back any property paid thereunder. "As an evidence of good faith and in earnest of this contract" defendant should execute a note in the sum of $3,000, duly secured as therein provided. In the event plaintiff complied with his obligations under the contract, delivering a complete abstract of title to the property, showing good title to the land, within the time specified, and make and tender to defendant a good and perfect deed to the land, conveying the same to defendant for the price and on the terms as provided, and defendant makes default and fails or refuses to make the cash payment of $4,000 on the 1st day of January, 1912, he shall forfeit to plaintiff "the sum of $3,000 as evidenced by the said promissory note as liquidated damages."

The undisputed evidence establishes that within the time stipulated an abstract was delivered by plaintiff to the attorney designated by defendant, who examined the abstract, and within ten days of its delivery prepared and delivered to defendant an opinion thereon, pointing out several objections. These were immediately corrected, and the attorney of defendant duly approved the title. Proper deeds were prepared and tendered defendant prior to the 1st day of January, 1912, which he refused to accept.

On the 11th day of October, 1911, after the expiration of the time stipulated in the contract another attorney employed by defendant rendered an opinion on the title which, together with the abstract, was delivered to an agent of plaintiff. Objections were pointed out in this opinion which were not mentioned in the opinion of defendant's first attorney. These alleged defects were remedied and the abstract returned to defendant's said attorney, who on the 21st day of November, 1911, acknowledged receipt of same, stating new objections and on the 21st day of December, 1911, the same attorney wrote again to plaintiff's agent raising other objections to the title. The good faith of the attorney designated by defendant to pass upon the abstract, and who approved the title, is not questioned by the pleadings or evidence.

[2] The abstract furnished by plaintiff is open to objection as to its form and sufficiency, in that, the certificates of acknowledgment to various deeds are not set out in full. In lieu thereof, the abstractor states the certificates are in statutory form. The abstract was received and examined by defendant's attorney, without objection on this score. The objection was not raised until after the expiration of the time provided for the furnishing and examination of the abstract, the pointing out and correction of its defects, and the approval of the title by plaintiff's attorney. Defendant cannot now urge the insufficiency of the abstract furnished as a breach of the contract and as ground for his refusal to go forward with the performance of the contract. 39 Cyc. 1527; Moot v. Business Men's Inv. Ass'n, 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666.

Under the terms of the contract, it was the duty of defendant to point out the defects within ten days after the delivery of the abstract. In Lieber v. Nicholson, 206 S. W. 512, it is said:

"The pointing out of defects within the time was as much the duty of plaintiff in error, under the contract, as was the furnishing of the abstract the duty of the defendants in error. This provision cannot be disregarded. It is an integral part of the contract inserted with purpose. Upon the performance of this duty hinged and depended the obligation of the defendants in error to correct the defects. The defects were to be corrected when properly pointed out, and defendants in error were obligated to correct only the defects so pointed out. 39 Cyc. 1413; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979, 982; Curtis v. Aspinwall, 114 Mass. 187, 19 Am. Rep. 332."

—and again:

"It was incumbent upon plaintiff in error to point out all the defects which he deemed material to remedy, in order to a title of the character contracted for or a title such as he would be willing to accept. He had the right to ignore or waive defects and demand the conveyance of such title as the vendor had, the contract provision for a good title inuring to the benefit of the purchaser. 39 Cyc. 1524; Hughes v. Adams, 55 Tex. Civ. App. 197, 119 S. W. 134. The tender of a good record title was conditioned upon and subject to the disclosure of defects. Plaintiff in error, being in default, rendered further performance, or attempted performance, by defendants in error futile. 13 C. J. 567."

[3] Plaintiff, under the contract, was bound to correct all defects properly pointed out by defendant that could be corrected by the 1st day of January, 1912. He could not arbitrarily refuse to perform this duty. Plaintiff being thus bound, defendant was likewise bound to point out the defects within the time stipulated, affording plaintiff the time provided in the contract in which to correct same. Having failed in this, defendant is in default, and the note deposited by him in lieu of money under the terms of the contract was forfeited to plaintiff, and defendant became liable to plaintiff in the amount evidenced by the said note. Lieber v. Nicholson, supra.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.