## COUGHRAN v. BRIAM. (No. 1268.)

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1921.)

1. **Mines and minerals ☞57—Contract for execution of lease on approval of abstract of title construed as a whole.**

A contract for execution of an oil and gas lease in the future on approval of an abstract showing marketable title must be construed as a whole.

2. **Mines and minerals ☞57—Right to object that abstract of title required by contract for lease was not certified to date waived by lessee, and lessor entitled to retain deposit where timely objections to abstract not made.**

Where a contract for future execution of an oil and gas lease required lessor to furnish an abstract showing marketable title and required lessee to state objections thereto within a fixed time, and it appeared that at the time contract was executed lessee had the abstract in his possession and retained it for the full period without making objections thereto, lessee waived his right to object that the abstract was not certified to the date of the contract, and failure to make such objections within the time, where they were all such as could and would have been corrected by lessor entitled lessor to retain a deposit by lessee as liquidated damages on lessee's subsequent refusal to take the lease.

Appeal from Presidio County Court; K. C. Miller, Judge.

Action by J. Anson Coughran against Hans Briam. Judgment for defendant, and plaintiff appeals. Affirmed.

C. R. Sutton, of Marfa, and Sutton & Montague, of Alpine, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

HIGGINS, J. Coughran sued Briam to recover $500 paid by the former to the latter as earnest money upon a contract to lease land for oil and gas development.

The case was tried without a jury and judgment rendered for defendant. The case is presented here upon findings of fact and conclusions of law filed by the trial court. No error is assigned to the findings of fact.

The material findings, in substance, are as follows: On May 20, 1920, plaintiff and defendant entered into a written contract by which defendant agreed to lease certain lands owned by him to the plaintiff for the development of oil and gas, at a stipulated price. The defendant agreed to furnish plaintiff a full and complete abstract of title to the land and give him sufficient time, not to exceed 60 days from the date of the contract, to examine the title. If the title, according to the abstract, proved to be good and merchantable, then the lease which was attached to the contract was to be delivered to the plaintiff and the agreed consideration paid. The contract provided that time was of the essence. Plaintiff was given 60 days in which to dispose of the lease. In case the title proved to be good and merchantable, the lease was to be accepted by the plaintiff on or before 60 days from the date of the contract. Plaintiff was to pay, and did pay, defendant $500 as a forfeit, which was to be deducted from the purchase price if the title was good and merchantable and was to be forfeited as liquidated damages if the plaintiff refused or neglected to comply with the contract. If the title was unmerchantable, and the defects and objections could not be cured on or before the expiration of 60 days from date of contract, then the $500 was to be returned to the plaintiff, and the contract should be at an end. The defendant agreed to use all diligence to remove objections and cure the same upon being furnished with a written opinion or memorandum thereof by the plaintiff, provided such objections could be removed and cured without resorting to court proceedings. The plaintiff paid to the defendant the said sum of $500, which the defendant still holds. On May 20, 1920, the date of the contract, the defendant furnished an abstract of title to the lands which was delivered to the plaintiff's attorney at plaintiff's request, which abstract had been in the possession of the plaintiff himself for 4 or 5 days before the execution of the contract, and was used by him during the negotiations between the parties. The abstract covered the lands embraced in the contract from the sovereignty of the soil down to the date of the abstractor's certificate, to wit. February 26, 1918. Said abstract discloses several defects in the title to one or more of the tracts covered thereby. When the plaintiff and his attorney received the abstract, neither made any objection to the fact that it was not brought down to date. Plaintiff or his attorney held the abstract for about 90 days, and then informed defendant that the title was defective and he could not accept the lease, and at a still later date plaintiff's attorney informed defendant that there were defects in the title and mentioned some of them, but at no time prior to the filing of the suit were any specific defects pointed out in writing by the plaintiff or his attorney. None of the defects shown by the abstract were of such nature that they could not have been corrected without resorting to legal proceedings, and defendant could and would have corrected the defects promptly if they had been pointed out as provided for in the contract,

and that the major part of the lands were shown to be clear of defects at the date of trial. If the plaintiff, or his attorney, at any time after receiving the abstract had suggested to defendant the insufficiency thereof, because not certified down to date, the defendant would have had the same promptly completed and certified down to date. Defendant was ready, willing, and able to deliver to the plaintiff the lease provided for. The court's conclusions of law were as follows:

"I find as a matter of law that the plaintiff, having accepted the abstract of title which was tendered him by the defendant, and having kept the same for more than 60 days from the date of the contract, without making any objection to the abstract on account of it not being complete or not being brought down to date, and without pointing out any defects in the title to said land, waived his right to object to any alleged defects of title, and was thereby estopped from afterwards pleading that said abstract was not sufficient in form or substance or that the titles were defective. I further conclude that, by reason of the failure of the plaintiff to point out the defects in the title within the time required under the contract and his failure to accept the lease on the lands covered by said contract and to pay the price provided for, he forfeited his right to the $500 which he paid to the defendant, and that he should not recover said $500 in this suit."

The suit was brought by Coughran on November 24, 1920, it being averred that the abstract of title delivered by Briam was not full and complete, being closed February 26, 1918, and that the title to the land covered thereby was defective and unmerchantable in various particulars which were pointed out.

### Opinion.

All of the appellant's assignments assail the correctness of the trial court's conclusions of law and are primarily predicated upon the theory that under the contract, it was a condition precedent to the right of appellee to retain the $500 paid that the abstract originally furnished be complete and disclose a good and merchantable title; that, since the abstract was not brought down to date, it was incomplete, and for that reason, and the further reason that it disclosed defects, he should recover back the deposit made.

[1] But the contract must be construed as a whole, and it is apparent that the obligations of the parties were correlated and interdependent. It obligated Briam to furnish a full and complete abstract, and we construe this to mean an abstract certified to date of contract. It then became the duty of appellant to examine same, and, if he found any defects to point out the same to Briam so that the latter might be afforded an opportunity to remove the same.

[2] We agree with the contention of appel-lant that under the contract as written, it was a condition precedent to Briam's right to retain the deposit that he furnish an abstract of title certified to the date of the contract, and, had appellant objected to the abstract when delivered upon the ground that it was not brought to date, it would have been Briam's duty to have it so brought down, and failure upon his part so to do would have released plaintiff from any further obligation and entitled him to recover back the money paid. But in our opinion the unchallenged finding that the abstract which was furnished had been in plaintiff's hands for several days and used by him during the negotiations and was delivered to his attorneys at plaintiff's own request conclusively shows a waiver of the incompleteness thereof arising out of the fact that its certificate was dated about 27 months previous. He must necessarily have known that it had not been brought completely down to date, and, if he did not know it, then he would have found it out if he examined the same, and then it would have been incumbent upon him to call the matter to Briam's attention so that it could be corrected.

Under the circumstances indicated appellant cannot now question the insufficiency of the abstract furnished upon the ground that it was not down, to date. Davenport v. Sparkman (Com. App.) 208 S. W. 658; Moot v. Business Men's Invt. Ass'n, 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666.

As to the defects in the title disclosed by the abstract it was as much the duty of appellant to point them out and afford appellee an opportunity to correct same as it was the latter's duty to furnish the abstract. As was said in Davenport v. Sparkman (Com. App.), supra:

"Under the terms of the contract, it was the duty of defendant to point out the defects within 10 days after the delivery of the abstract. In Lieber v. Nicholson, 206 S. W. 512, it is said: 'The pointing out of defects within the time was as much the duty of plaintiff in error, under the contract, as was the furnishing of the abstract the duty of the defendants in error. This provision cannot be disregarded. It is an integral part of the contract inserted with purpose. Upon the performance of this duty hinged and depended the obligation of the defendants in error to correct the defects. The defects were to be corrected when properly pointed out, and defendants in error were obligated to correct only the defects so pointed out. 39 Cyc. 1413; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979, 982; Curtis v. Aspinwall, 114 Mass. 187, 19 Am. Rep. 332.' And again: 'It was incumbent upon plaintiff in error to point out all the defects which he deemed material to remedy, in order to a title of the character contracted for or a title such as he would be willing to accept. He had the right to ignore or waive defects and demand the conveyance of such title as the vendor had; the contract provision for a good title inuring to the benefit of the

purchaser. 39 Cyc. 1524; Hughes v. Adams, 55 Tex. Civ. App. 197, 119 S. W. 134. The tender of a good record title was conditional upon, and subject to, the disclosure of defects. Plaintiff in error, being in default, rendered further performance, or attempted performance, by defendants in error futile. 13 C. J. 567.'"

Plaintiff having failed in his obligation to point out the defects, within the time and in the manner required by the contract, is himself in default, and, having failed to comply with his contract to lease, the deposit made became forfeited as liquidated damages. This conclusion, we think, is completely sustained by the cases cited as well as by Champion v. Taylor, 229 S. W. 627. The cases cited by appellant have all been examined, and in our opinion are not in point. The facts clearly differentiate them from the case now considered.

The views indicated control all of the assignments of error and their supporting propositions.

Finding no error, the judgment is affirmed.