### PORTER et al. v. PITTMAN et al.
### (No. 2548.)

(Court of Civil Appeals of Texas. Texarkana.
May 5, 1922. Rehearing Denied June 1,
1922.)

1. Mines and minerals ⬅⟹57—Deed of land by third parties possibly including that covered by abstract of land sold, held valid objection to title of lessors.

As respects sufficiency of title of lessors of oil and gas rights in a certain 80 acres, the presence in the abstract of a deed by third parties conveying part of about 118 acres of the same survey, and reciting the sale thereof to such grantors by the party from whom lessors' title to the 80 acres was deraigned, was a valid objection, where it could not be certainly determined from such deed that the 118 acres did not include the 80 acres.

2. Mines and minerals ⬅⟹57—Objection to description, as set out in instruments in chain of title of lessors, held not an objection that description in prior deed by third parties might have included land in issue.

As respects a proposed gas and oil lease of land, an objection to the title to the land as shown by an abstract on the ground of the indefiniteness of the description in the instruments in which it was set out did not constitute an objection on the ground that it could not be certainly determined, from a deed by third parties of part of the same survey, re-

citing the sale thereof to such grantors by the party from whom title to the land covered by the abstract was deraigned, that the land conveyed by such deed did not include that covered by the abstract.

**3. Mines and minerals ⚹=57—Possibility that land leased was included in deed by parties claiming under lessors' predecessor no excuse for lessee's rejection of title in absence of objection on such ground.**

As respects a proposed gas and oil lease of land, that a deed by third parties claiming to be grantees of party from whom title to land in question was deraigned may have been a cloud on lessors' title, in that it did not certainly appear from such deed that the land thereby conveyed did not include their land, did not warrant a judgment for lessee in lessors' action for breach of contract to pay a stipulated sum when lessors furnished an abstract showing good title and cured valid objections stated by lessee, where no such objection was stated by lessee.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by L. H. Porter and others against V. R. Pittman and another. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Appellant L. H. Porter, acting for himself and as attorney in fact for the other appellants, who in common with him claimed to own 110 acres of the Joseph J. Blakemore survey of one-third of a league in Comanche county, on April 2, 1919, executed an instrument whereby he leased the south 80 acres of the 110-acre tract to appellee Pittman for the purpose of prospecting for oil and gas. The instrument with a cashier's check for $1,000 was placed in escrow with a bank in Fort Worth, subject to conditions as follows: Within 20 days from said date Porter was to furnish Pittman an abstract of title covering the land. Within 15 days thereafter Pittman was to have the abstract examined. If it showed a "good and merchantable" title in appellants the $1,000 check was to be delivered to Porter, Pittman was to pay Porter $2,200, and the instrument placed with the bank was to be delivered to Pittman. If "valid objections" were raised to the title shown by the abstract, Pittman within the 15 days was to furnish Porter a "signed copy of the opinion of his attorney stating such objections," and Porter was to have 15 days "in which to cure said objections." If the objections were not cured or waived within that time, the instrument placed with the bank was to be returned to Porter, the check was to be returned to Pittman, and the contract was to "be of no further force or effect." If Porter furnished an abstract "showing good and merchantable title in himself and his principals," and Pittman failed or refused "to carry out the terms of the contract and pay" the $2,200, both the instrument and check placed with the bank were to be delivered to Porter, and the check was to become appellants' property as liquidated damages. The suit was by appellants, who alleged that they had performed their undertaking under the contract, against Pittman, who, they alleged, had breached the contract by failing to perform his undertaking thereunder, and against the bank, which, they alleged, had wrongfully refused to deliver to them the instrument and check in question, which it held subject to the conditions stated. Pittman, by a cross-action against appellants and the bank, sought a recovery of the check on the ground that Porter had failed to comply with his undertaking to furnish an abstract of title as agreed upon.

The trial was to the court without a jury. It appeared from testimony he heard that Porter on April, 12, 1919, furnished Pittman an abstract of title covering the 110 acres of land, and that the latter on or about April 29, 1919, furnished the former a statement of objections made by his (Pittman's) attorney to the title shown by the abstract. Thereafter the abstract was corrected and extended to include new matter, and was again submitted to Pittman's attorney on May 6, 1919. The attorney conceded that certain of the objections set out in his statement of April 29 had been removed, but insisted others had not been, and thereupon Pittman refused to treat the contract as any longer binding him. The trial court concluded that valid objections made by Pittman's attorney to the title as shown by the abstract, and not waived by him, had not been cured by Porter, and rendered judgment denying plaintiffs relief and awarding Pittman a recovery as prayed for by him in his cross-action. Thereupon plaintiffs prosecuted this appeal.

James & Connor, of Fort Worth, and Louis H. Porter, of Dallas, for appellants.

Phillips, Ammerman & Hurley, of Fort Worth, for appellees.

WILLSON, C. J. (after stating the facts as above). As corrected and extended when resubmitted to appellee May 6, 1919, the abstract of title showed a "good and merchantable" title to 369 acres (including the 80 acres in question here) of the J. J. Blakemore survey to have been in Mary C. Porter April 6, 1894. Appellants owned all the 369 acres not disposed of by Mary C. Porter to other parties and not disposed of by them. It did not appear from the abstract that either Mary C. Porter or appellants ever disposed of the 80 acres in question. Therefore, unless it appeared from the abstract that a cloud of some kind created after April 6, 1894, existed on appellants' title to the 80 acres, and fur-

⚹=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ther appeared that their title was objected to on that ground in the copy of the opinion of appellee's attorney furnished to appellants, the judgment was not warranted.

[1, 2] If a cloud existed on the title of appellants shown by the abstract, it was because of a deed appearing therein, dated October 21, 1899, from Willis Robertson, E. L. Robertson, and J. F. Robertson and their wives to W. O. Robertson. The deed purported to convey two-thirds of about 118 acres of the J. J. Blakemore survey, and contained a recital that Mary C. Porter sold the 118 acres to Willis Robertson by a deed dated November 3, 1894. It could not·be certainly determined from the calls in the field notes in the deed where the 118 acres was located with reference to the 80 acres in question here. As, therefore, the 118 acres might have included said 80 acres or a part of it, and as, if it did, the recital in the deed probably would have charged appellee with notice of the fact, we think the presence of the deed in the abstract was a valid objection to the title in appellants, and if it appeared that their title was objected to on that ground in the copy of appellee's attorney's opinion furnished appellants, we would not regard the judgment as erroneous. But the title in appellants, shown by the abstract was not objected to on that ground, unless it should be said—and we think it ought not to be—that the part of the attorney's opinion as follows constituted such an objection:

"Ninth. The description of this land as shown in practically all of the instruments in which they attempt to set it out by metes and bounds is·so indefinite that it is undesirable to accept it."

It will be noted that the objection was to the description in the instruments purporting to convey the land covered by the contract between the parties, and not to the description in the Robertson deed, or other instruments which did not purport to convey it.

[3] The obligations of the parties under the contract were reciprocal. That on the part of appellants to furnish an abstract was not more binding than that on the part of appellee to state objections to the title, and that on the part of appellee to state objections was not more binding than that on the part of appellants to "cure" objections stated, if "valid." But appellants were not bound to cure other than valid objections, though stated, and were not bound to cure valid objections not stated by appellee. Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512; Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658. Therefore the fact that the Robertson deed may have been a cloud on appellants' title did not warrant the judg-

ment rendered. If appellee regarded the deed as such a cloud, he should have so advised appellants. Had he done so, they might, as they had a right to by the terms of the contract, have shown that no part of the land covered by the contract was included in the description in that deed, or, if it was, they might in other ways have removed the objection to their title because of the deed.

On the case made by the record we think the judgment should have been in appellants' favor instead of appellee's. Therefore it will be reversed, and judgment will be here rendered, awarding appellants a recovery of the cashier's check as liquidated damages they were entitled to for the breach of the contract by appellee.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes