**MAGRUDER et ux. v. POULTON.\***
(No. 478–3872.)

(Commission of Appeals of Texas, Section A. Jan. 23, 1924.)

1. Damages ⬡⟿81—Realty contract held to exclude idea that provision for liquidated damages provided for penalty.

Where purchaser agrees that, in case she rejects title to realty for insufficient cause, vendors shall retain as and for their liquidated damages a sum deposited as part of the purchase price, *held*, that the contract excluded the idea that it was the intention of the parties to provide for a penalty, and, on purchaser rejecting title for insufficient cause, vendors may retain the deposit.

2. Damages ⬡⟿79(1)—Provision for liquidated damages cannot be treated as penalty, where damages indeterminate.

A provision in an agreement to pay a stated sum in case of default cannot be treated as providing for a penalty, and not for liquidated damages, if at the time of the execution of the contract the damages which would result from its breach are uncertain, or their amount indeterminate.

3. Vendor and purchaser ⬡⟿335—Purchaser, refusing to proceed with contract, cannot recover part of price paid.

Where purchaser, under a valid contract to purchase realty, pays part of the price, and then refuses to proceed further without fault on vendor's part, purchaser cannot recover the price paid, or any part thereof.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Mrs. Nellie M. Poulton against B. Magruder and wife. A judgment for de-

fendants in the district court was reversed, and the cause remanded, by the Court of Civil Appeals (243 S. W. 512), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

Lewright & Lewright, of San Antonio, for plaintiffs in error.

Newton & Woods and McCollum Burnett, all of San Antonio, for defendant in error.

BISHOP, J. Plaintiffs in error, B. Magruder and Mrs. B. Magruder, and defendant in error, Mrs. Nellie M. Poulton, entered into the following contract, of date May 28, 1919, to wit:

"The State of Texas, County of Bexar.

"This memorandum witnesseth: That Mrs. B. Magruder and husband, seller, the owner in fee of the property below described, in consideration of one thousand ($1,000.00) dollars, to them paid by Mrs. Nellie M. Poulton, purchaser, as earnest money on the purchase of said property, does hereby agree and bind himself to convey unto the said purchaser the following described premises: House No. 110, our home, on W. Huisache St., San Antonio, Tex. The terms of sale are as follows:

"The seller is to furnish unto the purchaser copy of an abstract of the title to said property brought down to date by the Texas Title Company, or some other approved abstractor of the county where the land is situated, within 10 days from this date, and showing fee-simple title in the said seller free of all liens, except such as are assumed by the said purchaser and as may be hereinafter named, and the said purchaser is to accept or reject said title within 10 days from the delivery to him of said abstract, and said title shall only be rejected for good cause.

"If said title is rejected for good cause, said earnest money is to be returned to the purchaser, and this contract is to be of no further force or effect; but, if the title to said property should prove good in the seller, he shall execute and deliver to the purchaser a general warranty deed to said property, and said purchaser shall pay therefor as follows: One thousand ($1,000.00) dollars cash, of which said sum paid as earnest money shall form the part, and the promissory notes of said purchaser, payable to the order of the seller, secured by vendor's lien on the said property, as follows: The assumption of a certain note or notes for the sum of $3,500.00, due in 4 years, held by Terrell & Terrell, and second vendor's lien note or notes for the sum of three thousand dollars ($3,000.00), payable at the rate of ($50.00) fifty dollars per month, interest included, due on or before. Total consideration $7,500.00. Interest 8%. Taxes and insurance prorated to July 1st, and property delivered July 1, 1919.

"If the title of said seller to said property should prove good, and the purchaser should fail to comply with his part of this contract, said sum of earnest money above mentioned as paid shall be retained by the seller as and for his liquidated damages, agreed to by the

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Rehearing denied March 5, 1924.

parties hereto, on account of such default by the purchaser.

"Witness the hands of said parties, this 28th day of May, 1919.    ·Mrs. B. Magruder.
        "B. Magruder.
        "Nellie M. Poulton.
"Witnesses:  Wm. C. Lott."

Twelve days thereafter copy of abstract was delivered to defendant in error.  She turned same over to her attorney for examination and advice, and four days later her attorney returned the copy of abstract to her with his objections to the title.  She at once advised plaintiffs in error that she declined to accept the title, and requested the return of the $1,000 she had paid.  On June 18, 1919, the Magruders offered to cure the objections made, without conceding they were material; but she ignored this offer, and filed this suit to recover the $1,000 paid, with interest, and to establish a lien against the property. The trial court directed a verdict against defendant in error, and on appeal to the Court of Civil Appeals that court apparently overruled all objections made by defendant in error to the title, but held that the trial court should not have directed a verdict against her for the reason that the provisions in the contract relating to liquidated damages should be treated as a mere penalty, and that the Magruders were not entitled. to retain as liquidated damages the entire sum of $1,000 paid by defendant in error, but could only retain such portion thereof as the evidence might show that they had sustained as· damages by reason of the breach of the contract by defendant in error.  243 S. W. 512.

Plaintiffs in error assign as error the holding of the Court of Civil Appeals that, since the contract did not provide that the vendors should have an opportunity to cure any defect of title which might be pointed out by the purchaser, they did not have an implied right to cure any such defect of title prior to July 1, 1919, the date, under the contract, on which possession was to be delivered, and cite as sustaining their contention Runnells v. Pruitt, 204 S. W. 1017, as follows:

'"Generally, in the absence of agreement to the contrary, it is unimportant that the vendor's title is bad, or that the land is incumbered at the time the contract is made, if it is made in good faith, and he is prepared to convey the title guaranteed at the time set for performance.  39 Cyc. 1259; Mitchell v. Allen, 69 Tex. 70, 6 S. W. 745.  As a ·consequence, the contention of plaintiff in error that he was entitled to repudiate the contract before the date set for performance, if before that time the title was defective, is unsound.  The cases seem to go even further where time is not of the essence of the contract.  The established principle is that, where a contract is entered into in good faith, and time is not of its essence, and is not made material by the offer to fulfill by the other party and a request for a conveyance, the vendor will be allowed reasonable time and opportunity to perfect his title, however defective it may have been at the time of the agreement.  All that is necessary is that the plaintiff is able to make the stipulated title at the time when by the terms of the agreement, or by the equities of the particular case, he is required to make the conveyance to entitle him to the consideration.' Andrew v. Babcock, 63 Conn. 109, 26 Atl. 715; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037."

In view of the holding of the Court of Civil Appeals that defendant in error, under her pleadings and proof, did not show "good cause" for rejecting the title, which we think correct, the question as to whether, under its provisions, the plaintiffs in error would have had the right to cure defects pointed out prior to the date provided for the consummation of sale and delivery of the property, becomes immaterial.  In order to justify her right to reject the title, the burden was on her to allege and prove that the copy of abstract furnished did not show "fee-simple title in the seller free of all liens, except such as are assumed by the said purchaser."  Having failed in this, she could not rescind her contract to purchase.

[1] The Court of Civil Appeals held that the provisions in this contract ·relative to liquidated damages for its breach by defendant in error should be treated as a provision for penalty, and not for liquidated damages. and that plaintiffs in error should be allowed to retain, of the amount paid them, only such sum, as damages, as they may be shown to have actually sustained.  Plaintiffs in error claim they are entitled under the contract to retain the full amount paid.  In some cases the courts treat agreements to pay a stated amount, in case of the failure to perform the terms of the contract, as providing a mere penalty, even when the contract expressly names such sum as "liquidated damages," and allow a recovery only for the actual damages.  This is never done, however, when it clearly appears from the terms of the contract that it was the intention of the parties thereto that the sum stated should be treated as providing for liquidated damages and not a penalty.  If the terms of the contract exclude the idea that it may have been intended that the sum stated should be treated as a mere penalty, the courts are not warranted in so treating it, but must enforce the contract as intended.  Eakin v. Scott, 70 Tex. 442, 7 S. W. 777; Yetter v. Hudson, 57 Tex. 604; Durst v. Swift, 11 Tex. 273.

[2] Nor can such agreements be treated as providing for a penalty, and not liquidated damages, if at the time of the execution of the contract the damages which would result from its breach are "in their very nature uncertain, or their amount indeterminate." Collier v. Betterton, 87 Tex. 440, 29 S. W. 467; Garrard v. Cantrell (Tex. Civ. App.) 232 S. W. 911; Nelson v. Butler (Tex. Civ. App.) 190 S. W. 811; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; Norman v. Vickery,

60 Tex. Civ. App. 449, 128 S. W. 452. Here defendant in error paid $1,000 as earnest money, agreeing that same should be retained as part of the purchase price for the property on performance of the contract, and that, if she should fail to comply with her part of the contract, that same should be retained by the Magruders "as and for" their liquidated damages, expressly stating that this sum was agreed on as such damages. We are of the opinion that the terms of this contract exclude the idea that it was the intention of the parties to provide for a penalty only, and that it was clearly the intention that the Magruders were to retain the $1,000 paid, in the event defendant in error should fail to comply with her part of the contract. We also think the damages were in their nature uncertain, and for this reason the court was not warranted in holding that the provisions in this contract relative to liquidated damages should be treated as providing for a penalty, and not for liquidated damages.

[3] A vendee of real estate, who, under a valid contract to purchase, pays part of the purchase price, and then refuses to proceed further, without fault on the part of the vendor, is not entitled to recover from the vendor the amount paid, or any part thereof. Under her contract to purchase, the defendant in error was bound to perform the provisions thereof. She could not take advantage of her own wrong, refuse to comply with her binding obligation, and recover from the Magruders any part of the purchase money paid, even had there been no provision in the contract relative to the payment of damages. Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Nicholson v. Lieber (Tex. Com. App.) 206 S. W. 512; Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658; Fink v. Hough (Tex. Civ. App.) 153 S. W. 676; Champion v. Taylor (Tex. Civ. App.) 229 S. W. 627.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.