**PEARSON v. 32 OIL ASS'N et al. (No. 2015.)**

Court of Civil Appeals of Texas. El Paso.
May 12, 1927.

Rehearing Denied June 2, 1927.

Vendor and purchaser ⬅143—Purchaser's failure to examine abstract and point out objections, in writing as required by contract, held waiver of all objections.

Failure of purchaser to accept and examine abstract and point out objections, in writing, within ten days, as required by contract, was waiver of all objections to title.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by W. F. Pearson against 32 Oil Association and others. Judgment for defendants, and plaintiff appeals. Affirmed.

M. N. Chrestman, L. E. Elliott, and Burgess, Burgess, Chrestman & Brundige, all of Dallas, for appellant.

A. S. Rollins, Allen Charlton, and Read, Lowrance & Bates, all of Dallas, and C. C. McDonald, of Wichita Falls, for appellees.

HIGGINS, J. For the disposition of this appeal the following statement will suffice:

On July 1, 1920, the 32 Oil Association, Red Hill Oil Company, and Syndicate Oil Company, as first parties, entered into a contract with appellant, Pearson, as second party,

whereby the former agreed to sell to the latter an oil and gas lease for $30,000, of which amount $7,500 was paid at the date the contract was executed, the balance to be covered by notes of the appellant to be executed upon consummation of the contract.

Material provisions of the contract are as follows:

The obligation to purchase was conditioned upon abstracts of title showing good and merchantable title in first parties, who agreed to furnish abstracts to appellant within 10 days.

" * * * And the second party shall have 10 days from the date of delivery of said abstracts to second party to examine the same and to point out any objections and defects to said title, in writing, if any, and all objections not so pointed out in writing shall be considered waived.

"If, upon the examination of the abstracts above mentioned, second party should point out any material objections or defect to said title, then and in that event first parties shall have a reasonable time, not to exceed 20 days, in which to cure said defects and this deal shall be closed as above stated." ·

It was further agreed that if second party went into possession and expended money in the improvement of the lease and wells thereon and first parties were unable to furnish a good merchantable title, then they would repay second party the money so expended by him, not to exceed $2,000.

Immediately upon the execution of the contract appellant went into possession and expended money in attempting to improve the production of one of the wells on the lease. In so doing, the well was ruined. However, it was of but little, if any, value.

About August 1, 1920, appellant declined to consummate the contract and later brought this suit to recover back the $7,500 paid and $2,000 expended, as aforesaid, less an admitted credit. In his petition he alleged as the basis of his action that time was of the essence of the contract, and defendants failed and refused to furnish and deliver abstracts of title, within the time required by the contract, and failed and refused to furnish and deliver, within the time required, abstracts of title showing good and merchantable title in defendants, and refused to tender assignments of the lease within the time limited.

Upon conclusion of the evidence offered by plaintiff, a peremptory charge in favor of defendants was given.

The plaintiff in his testimony admits that on July 6, 1920, an abstract of title was tendered to him; that he "turned it down" and declined to accept same because it was incomplete. The abstract of title so tendered is a part of the statement of facts, and it may be that same did not disclose a good and merchantable title vested in defendants, but upon the tender of the abstract it was the duty of appellant to accept and examine the same and in 10 days point out, in writing, any objections and defects to the title. Admittedly, he did not do this, and his failure so to do was a waiver of all objections to the title under the express provisions of the contract and forecloses against him his right to recover herein.

This is well settled by the authorities. Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512; Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658; Champion v. Taylor (Tex. Civ. App.) 229 S. W. 627; Coughran v. Briam (Tex. Civ. App.) 235 S. W. 627; Magruder v. Poulton (Tex. Com. App.) 257 S. W. 533; Mathews v. Caldwell (Tex. Com. App.) 258 S. W. 810.

Therefore the peremptory charge was properly given.

Affirmed.