**PEARSON v. 32 OIL ASS'N et al.***
(No. 1031–4932.)

Commission of Appeals of Texas, Section A.
Jan. 25, 1928.

**1. Mines and minerals ⬡⟋74 — Whether abstracts of title to oil and gas lease were tendered within time limit of contract held for jury.**

Whether vendors tendered abstracts of title to oil and gas lease within time limit under contract with purchaser *held* for jury.

**2. Mines and minerals ⬡⟋74—What purchaser understood vendors of oil and gas lease to mean by characterizing papers tendered as abstracts as "incomplete" held for jury.**

In purchaser's action to recover money paid under contract for sale of oil and gas lease, involving consideration of whether proper abstracts were tendered within time limited under contract, what vendors meant or what purchaser understood them to mean by characterizing papers tendered as "incomplete" *held* question for jury.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by W. F. Pearson against the 32 Oil Association and others. Judgment for defendants was affirmed by the Court of Civil Appeals (295 S. W. 255), and plaintiff brings error. Reversed and remanded.

Burgess, Burgess, Chrestman & Brundidge, and L. E. Elliott, all of Dallas, for plaintiff in error.

Beall, Worsham, Rollins, Burford & Ryburn, and Read, Lowrance & Bates, all of Dallas, and Weldon & McDonald, of Wichita Falls, for defendants in error.

NICKELS, J.   With such elaboration as is made hereinbelow, the statement of the case made by the Honorable Court of Civil Appeals (295 S. W. 255) is sufficient to illustrate the controlling point involved.

Upon the supposed authority of Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512; Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658; Magruder v. Poulton (Tex. Com. App.) 257 S. W. 533; Mathews v. Caldwell (Tex. Com. App.) 258 S. W. 810; Champion v. Taylor ·(Tex. Civ. App.) 229 S. W. 627; and Coughran v. Briam (Tex. Civ. App.)

235 S. W. 627, it was ruled, inter alia, that "on July 6, 1920, an abstract of title was tendered" Pearson, and, because of his refusal to accept it and thereafter point out objections to title, he defaulted so as to preclude "his right to recover." Writ of error was allowed, principally, upon assignment of error therein.

The contract having been made, and Pearson having paid the $7,500, the next step was for the other parties. They were obligated to furnish, within ten days, "abstracts" of title. Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658; Coughran v. Briam (Tex. Civ. App.) 235 S. W. 627, 628. The duty, nominated in the bond, was not to furnish such abstracts (at that time) as would reflect good and merchantable title; it was to furnish such papers as would amount to an "abstract." Certain papers were offered (possibly but not inevitably) within the period. For instant purposes, we assume (against Pearson) that the date of offer fell within the prescribed time. In that situation, whether the tender was such (on the evidence viewed most favorably for him) as that he was bound to accept is the question of law which controls disposition of the case as here presented.

An abstract, it is generally understood, purports exhibition (in some manner) of record facts and documents affecting title. Davis v. Fant (Tex. Civ. App.) 93 S. W. 193; Smith v. Lander (Tex. Civ. App.) 106 S. W. 703, 704; McMillan v. Nat. Bank of Bowie, 56 Tex. Civ. App. 45, 119 S. W. 709, 711. Whether the stipulation in question might be held to refer to "complete abstract," or whether "abstract" and "complete abstract" are interchangeable terms, is immaterial, and on that point we do not imply a conclusion.

[1] Pearson gave testimony which may be construed as fixing the date of tender as the 6th of July; but he also manifested uncertainty, and detailed circumstances which might be taken as indicating a time several days after July 6th. Morris said the occurrence must have been "along the last of July or the first of August." The papers tendered have an abstractor's certificate of date June 16, 1920, and another (the next one after June 16th) of July 6, 1920, "at 7 a. m.," and another (next after that of July 6th) of July 21, 1920, and still another of August 10, 1920. It is manifest, then, that there is not conclusive showing of tender on July 6th or on either of the other dates borne by the certificates.

[2] The stipulation for "abstracts" contemplates furnishing of such papers as amount to an abstract at the time of delivery, or tender. In view of the allegation of breach of the obligation and the state of the evi-

---

dence just shown, establishment of the date of tender would involve the jury function. Scott v. Townsend, 106 Tex. 322, 341, 166 S. W. 1138; Craycroft v. Crawford (Tex. Com. App.) 285 S. W. 275, 280. If the date, thus found, should intervene certificate dates, the compilation of papers tendered would not purport to be an abstract, for they would omit all reference to state of title subsequent to the last preceding certificate date; a different holding would imply that a part is equal to the whole of a thing. And, in one view of the evidence, the papers were not tendered as an abstract, for the persons offering them denominated them "incomplete." They might have meant, or to Pearson they might have conveyed the idea, either that the papers did not exhibit a good and merchantable title, or that the compilation omitted reference which ought then have been included; and what they did mean, or what Pearson (reasonably) understood them to mean, is for the primary trier of facts.

It cannot be said as a matter of law that "abstracts" (distinguished from a batch of papers) were tendered within the stipulated period, or that Pearson got in default by refusing what was offered. We do not find in the cases cited by the Court of Civil Appeals warrant for a contrary view. In Lieber v. Nicholson, Davenport v. Sparkman, and Magruder v. Poulton, there was no issue about compliance with the obligation to furnish abstracts as such; the controversies related to duties arising thereupon and subsequent performance or nonperformance. In Coughran v. Briam, it appears the purchaser actually received the papers without objection that they were "not brought to date," kept them several days, and then turned them over to his lawyer for examination; he waived "incompleteness" of the "abstract," it was held. In Champion v. Taylor there was evidence that "after signing the contract appellant waived an abstract of title * * * and expressed himself as satisfied with the title"; he "said he did not want" an abstract. The stipulation considered in Mathews v. Caldwell was for "a complete abstract, showing a good and * * * merchantable title." In the petition it was alleged that an "abstract" was furnished, and in the answer it was said that what had been furnished, as alleged, was "some character of abstract." The fact of an abstract furnished thus having been settled, the case turned upon performance, vel non, of duties subsequently arising.

The duty of Pearson to "point out any objections and defects to said title, in writing" (to save waiver thereof), was to be performed, it was stipulated, within "ten days from the date of delivery of said abstracts." What has been said on the question of delivery itself, etc., makes obvious existent fact issues in respect to accrual of his duty to state title objections, and hence in respect to his estoppel or waiver.

Other matters were presented by appellees in the Court of Civil Appeals in justification of the peremptory instruction. Such, e. g., as Pearson's waiver, etc., by entry and retained possession, damage to the property, etc. On those subjects there will likely be issues in the new trial which must be considered and given disposition, but in respect to them, and in the present state of the record, we cannot say, as a matter of law, that he is precluded. There cannot be affirmance despite the errors above discussed on the doctrine of Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

Accordingly, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.