## No. 6035.

### A. E. VOIGHT ET AL. v. CHARLES MACKLE.

1. LIMITATION OF FIVE YEARS.—One who has conveyed the land of which he is in possession thereby precludes himself from claiming title thereto under the statute of limitation under a deed prior in date to his conveyance.

2. PRACTICE—FINDINGS—EXCEPTIONS.—When exceptions are taken to the judgment below the appellant is not precluded from attacking the findings of the trial judge, even though exceptions were not taken to the findings.

APPEAL from Bastrop. Tried below before the Hon. H. Teichmueller.

*Dyer Moore*, for appellants:  When one party conveys land to another by deed duly and legally executed the vendor can not avail himself of the five years statute of limitation to defeat the title of his vendee.

The sole office which possession performs in the matter of notice is, to put a person desiring to purchase on inquiry, and has no effect in determining what the inquiry shall be or of whom it shall be made.

A purchaser from a vendee whose vendor remains in possession is not bound to inquire further as to the title, when he finds on record in the county a deed from such vendor conveying title properly proved up and registered.  When inquiry as to title is prosecuted to the highest source, which affords evidence of the right, there is no obligation to explore inferior and less reliable channels of information.  (Eylar v. Eylar, 60 Texas, 315.)

*G. W. Jones* and *Garwood & Batts*, for appellee:  Appellants having excepted in the court below to neither the conclusion of law nor of fact, the only question before this court is, whether the judgment is justified by the pleadings.  (Gen. Laws 1879, 119; Continental Insurance Company v. Miliken, 64 Texas, 48.)

There is nothing in the relation of vendor or vendee by deed executed and not executory, which will prevent the vendor, who may remain in possession from claiming adversely to his vendee, and relying upon the statute of limitation.  (Smith v. Montes, 11 Texas, 24; Moody & Holcomb, 26 Texas, 718; Hemming v. Zimmerschitte, 4 Texas, 168.)

The deed being executed, not executory, there is no such trust relation existing between the parties as would suspend the operation of the statute of limitation.  Conceding, however, that such was the case, under the rule of Hemming v. Zimmerschitte, that relation is suspended so soon as the vendor should manifest an intention to claim and enjoy the land as his own.

Defendants were on notice and were not innocent purchasers. The possession of the plaintiff, Martin Mackle, was sufficient notice to put appellee on inquiry.  (Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 223; Mimberle v. Bailey, 58 Texas, 227.)

GAINES, ASSOCIATE JUSTICE.  This suit is an action of trespass to try title, brought by appellee against appellant A. E.

Voight. By leave of the court the other appellant, Max Voight, made himself a party defendant to the action.

The conclusions of fact found by the court, show that the land in controversy was conveyed to appellant in 1864, and that his deed was duly registered at the time of its delivery; that in 1874 he conveyed the land by deed to one Henry Mackle, his nephew, and that the consideration recited in the conveyance was five hundred dollars. Henry Mackle was living with his uncle at the time the latter conveyed the land to him, and they continued to live on the land together for about five years thereafter, at the end of which time the nephew went away. There was testimony tending to show that the deed was made to the nephew in consideration of services rendered by him to his uncle; while on the other hand, there was evidence going to establish that it was executed merely for the purpose of defrauding the grantor's creditors. The findings of the court do not determine the question raised by the conflict of testimony, but we do not deem the omission material. In either event, Henry Mackle acquired by the deed a perfect title as against appellee. After the nephew left he demanded rent of his uncle, but it was not paid. He testified that the uncle was to pay the taxes. After his departure the uncle remained in possession of the land, using and cultivating it, and paying all taxes for the period of five years. In 1886, Henry Mackle conveyed the land to appellants. Under this state of facts the court found among other conclusions, as a matter of law, that appellee by remaining in exclusive possession of the land, using and cultivating and paying taxes, under the duly registered deed made to him in 1864, had acquired title by the statute of limitations of five years, and gave judgment for him accordingly.

In this we think the court erred. In Harris v. Hardeman, 27 Texas, 247, it is said and perhaps authoritatively decided, that when the ancestor had conveyed the land in his life time, his heirs upon regaining possession had no title and could not set up the statute of limitations either of three or five years under the grant to him. The same principle is announced in the same case in 15 Texas, 467. The statement of the case does not clearly show whether the point as to limitations of five years was presented or not, though the language of the court in the opinion in 27 Texas would indicate that it was. However that may be, the principle announced is sound. The rea-

son upon which the statute of five years is based, would seem to be, that the party by taking possession under a deed which is spread upon the records gives distinct notice of his claim to the land and of the deed through which he derived his title. If, after this open challenge of the right of all adverse claimants his possession, use, cultivation and payment of taxes continues for five years the statute means that he shall be conclusively presumed to be the owner of the land. But can a possessor who has received a deed, which has been duly registered, but who has subsequently conveyed the land, be said to claim that under the conveyence which he has transferred to another? We think not. In order to avail himself of the statute as a claimant under a recorded deed, he need not have the lawful title, but he must retain at least, during the statutory period, such claim as the deed purports to convey.

It is insisted in appellee's briefs that because the findings of the court were not excepted to, the appellants can not take advantage of the errors of the trial judge in this court, and in support of the proposition we are referred to the case of Insurance Company v. Milliken, 64 Texas, 48. In that case neither the findings nor the judgment were excepted to. Here, there is an exception to the judgment, and the record discloses that the facts found by the court do not support it. We think therefore that the exception to the judgment of the court is sufficient, and are of opinion that the exception and assignment of error upon it are well taken.

The judgment will accordingly be reversed and remanded.

*Reversed and remanded.*

Opinion delivered May 29, 1888.