[No. 6640.  Decided July 26, 1907.]

M. FRANCIS KANE *et al.*, *Appellants*, v. A. A. JONES *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—FINDINGS.  Findings will not be disturbed on
appeal where they are amply sustained by the evidence.

VENDOR AND PURCHASER—CONTRACT OF SALE—PERFORMANCE—FOR-
FEITURE.  Where a contract of purchase required the vendee to ex-
amine the abstract within five days, and if not acceptable, to notify
the vendor of the defects, who was to have thirty days to cure the
same, with the right to declare a forfeiture for nonperformance, a
vendee who accepted the title and went into possession, and made no
objection for tweny-three days, and then, upon a further install-
ment falling due, gave notice that the title was defective and de-
manded return of his money without asking that the defects be
cured, cannot recover installments paid after the same were declared
forfeited by the vendee.

Appeal from a judgment of the superior court for King
county, Morris, J., entered September 20, 1906, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to recover installments
paid on a contract to purchase real property.  Affirmed.

*James C. Moody*, for appellants.
*Douglas, Lane & Douglas*, for respondents.

HADLEY, C. J.—This action was brought to recover the
sum of $1,000, paid by the plaintiffs as a part of the pur-
chase price of real estate.  The agreement of purchase, as
alleged in the amended complaint, was that the selling price
was $15,000, to be paid as follows:  Cash in hand, $250;
upon the delivery to plaintiffs of an abstract of title brought
down to date, $750; thirty days thereafter, $4,000, and
within six months, $3,000; the plaintiffs also to assume the
payment of a mortgage of $7,000.  It is also alleged that,

[1]Reported in 91 Pac. 2.

in the event the abstract of title agreed to be furnished should not show good and sufficient title to the premises, then upon notification of such fact, the defendants were to have thirty days within which to cure any defect that might appear; and should they fail or refuse so to do, then the defendants should refund all sums of money paid; that in pursuance of the agreement, which was made February 24, 1906, the plaintiffs on said day paid $250, and thereafter, upon February 27, 1906, when the abstract of title was delivered to them, the further sum of $750 was paid; that thereupon the abstract of title was examined, with the result that it disclosed that the defendants did not have good and sufficient title; that plaintiffs served upon defendants a notice in writing requesting them to correct the defects in the title, which they refused to do, and that, after thirty days had elapsed, they demanded the return of the $1,000 paid, which was also refused.

The defendants deny that the title was defective. Their version of the transaction as to the details of payments is substantially the same as that of the plaintiffs, but they claim the benefit of the terms of a written contract which they delivered to plaintiffs and which was by the latter accepted; that contract provided that the plaintiffs should be allowed five days for examination of the abstract after it should be furnished by the defendants. It also embodied the terms for payments heretofore stated, and provided that the plaintiffs agreed to complete the purchase in the manner and upon the terms stated; also that, in case of their failure so to do, the money paid should, at the option of defendants, be forfeited as liquidated damages. It was also provided that the defendants should return to the plaintiffs the money paid if they should fail to deliver an abstract showing good and sufficient title within thirty days from the date of the contract, unless the defendants should correct any flaws that might be discovered affecting the title, within thirty days' time after the abstract should be examined, and after they should be notified

of the defects.   For plaintiffs' alleged failure to comply with
the terms of the contract, the defendants declared a forfeiture
of the $1,000 paid as liquidated damages.   The cause was
tried before the court without a jury, resulting in a judg-
ment for the defendants, from which the plaintiffs have ap-
pealed.

The assignments of error all relate to findings of the court.
The court found the terms of the contract as to the payments
as before stated, that an abstract showing good and sufficient
title to the property was to be delivered to appellants and
five days allowed for examination thereof; that appellants
agreed to complete the purchase upon the said terms, and
that in case of their failure so to do, the earnest money paid
by them upon the purchase price should be forfeited to the
respondents as liquidated damages; that $250 was paid on
February 24, 1906, and on February 27, an abstract was
delivered to appellants; that on the 28th day of February
appellants made a further payment of $750; that the ap-
pellants accepted the title from respondents, entered into pos-
session of the property, and accepted the contract of purchase
delivered to them by the respondents.   It was further found
that the respondents were the owners in fee simple of the
property; that not until the 22d of March, 1906, which was
just prior to the time for making a payment of $4,000 under
the terms of the contract and long after the expiration of
the five days within which the abstract was to be examined
after its delivery, did the appellants make objections to the
title; that they made no objections to the title within the
five days agreed upon by the parties; that respondents de-
manded payment of said $4,000 according to the terms of
the contract, and that subsequently, upon appellants' failure
to make the payment, respondents notified them of their for-
feiture of the payments made under the contract; that re-
spondents tendered appellants, according to the contract, a
good and sufficient marketable title, and performed the con-
tract in all things by them to be performed, but that the ap-

pellants violated the terms of the contract by refusing to make the payments as therein provided.

There was ample evidence to sustain all the findings, and under the evidence before us we shall not disturb them. It seems very clear from the evidence that the five-day provision for the examination of the abstract was as definite a condition as any of those relating to payments. That provision not only placed upon appellants the obligation to examine the abstract and discover their objections to the title within five days, but required them to promptly make known their objections, and respondents could then have thirty days from such notification to cure any actual defects in the title. Appellants not only failed to do this within the five days, but waited twenty-three days and even made the payment of $750 one day after they had possession of the abstract. When the objection to the title was thus tardily made, no request was made of respondents that they correct the title in the particulars wherein it was criticised, and as they had the contract right to do within thirty days from the notification, but the appellants demanded the return of the $1,000 paid and the cancellation of the contract. Under the terms of the contract they had not the right to then make such a demand, for the reason that they were in default in making their objections, and they were also required to give respondents an opportunity to correct the title. Moreover, we think the evidence was, sufficient to sustain the finding that respondents were the owners in fee simple. The appellants made default in their payments, and respondents had the clear right under the contract to declare a forfeiture of the money theretofore paid.

The judgment is affirmed.

FULLERTON, MOUNT, and CROW, JJ., concur.