LIEBER v. NICHOLSON et al. (No. 2541.)

(Commission of Appeals of Texas, Section A. Nov. 20, 1918.)

1. VENDOR AND PURCHASER ⬤⟳341(3)—RECOVERY OF PURCHASE MONEY PAID—BURDEN OF PROOF.

In action to recover money paid in part performance of an executory contract for sale of realty, plaintiff had the burden of showing that he fully complied with conditions of contract under which he was entitled to a return of the money paid.

2. VENDOR AND PURCHASER ⬤⟳335 — RECOVERY OF PURCHASE MONEY—DEFECTIVE TITLE.

Under contract providing that vendee should have 30 days for examination of abstract of title furnished by vendors, and should point out defects to vendors, who should have reasonable time to cure defects, where vendee did not within 30 days point out defects which were not remedied, he cannot recover partial payments made on theory that vendors may not perfect title; vendors having a good title by limitations.

3. VENDOR AND PURCHASER ⬤⟳143—DEFECTS IN TITLE—RIGHT TO WAIVE.

Purchaser had the right to ignore or waive defects in title and demand the conveyance of such title as the vendors had, the contract provision for good title inuring to the benefit of the purchaser.

4. VENDOR AND PURCHASER ⬤⟳185—DEFAULT OF VENDOR—RECOVERY FOR IMPROVEMENTS.

Where supplemental contract made recovery for improvements placed on land by purchaser contingent upon his compliance with executory contract of sale, purchaser could not, where he defaulted in contract of sale, recover for value of improvements.

5. APPEAL AND ERROR ⬤⟳265(1)—FINDINGS—REVIEW.

Where a statement of facts appears in the record, findings of fact need not be excepted to in the trial court to be subject to review on appeal.

6. APPEAL AND ERROR ⬤⟳1122(2)—FINDINGS—REVERSAL.

Where there was no evidence to· support a finding of fact by trial court, the Court of Civil Appeals was authorized to substitute its own finding and thereon reverse and render the judgment.

7. VENDOR AND PURCHASER ⬤⟳185—DEFAULT OF PURCHASER — RECOVERY FOR IMPROVEMENTS.

Although purchaser defaulted in contract of sale, where with consent of vendors he performed plumbing and electrical work at an agreed price independent of forfeiture clause in contract of sale and supplemental contract for improvements, he was entitled to recover agreed price.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by J. H. Lieber against B. F. Nicholson and others. There was judgment for plaintiff for a specified sum and for defendants for a specified sum, and defendants appealed to the Court of Civil Appeals (153 S. W. 641), which reversed and rendered in part and affirmed in part, and plaintiff brings error. Judgment of Court of Civil Appeals, in so far as it reverses the judgment of the district court allowing recovery by plaintiff, reversed, and, in all other respects, affirmed.

Swearingen & Tayloe, of San Antonio, for plaintiff in error.

John M. Rowland, of Mission, and R. P. Ingrum, of San Antonio, for defendants in error.

SONFIELD, P. J. Suit by plaintiff in error to recover from defendants in error advance payments of purchase money under a contract of sale of certain real estate, an amount expended under a supplemental contract, and certain other sums of money claimed to have become due plaintiff in error

to defendants in error. The contract of sale was dated March 1, 1910. The portion of the contract material herein reads as follows:

"Grantors are to furnish abstract of title brought down to date as soon as possible, and grantee is to have thirty days from date of delivery for examination of said abstract. If any defects in title are found, same are to be pointed out to grantors or his attorney, and grantors are to have a reasonable time to cure said defects. If this, cannot be done and good title furnished, the above-mentioned $500.00 is to be returned to grantee and the said payment of $250.00 to be made March 20th; if already paid, is to be returned and this contract be of no further force or effect. But if good title is furnished, and grantee fails or refuses to go forward with closing the deal as in all conditions fully set forth, the $500.00 earnest money this day paid and the $250.00 payment to be made March 20th, 1910, is to be forfeited as and for liquidated damages."

The material part of the supplemental contract dated April 1, 1910, provides as follows:

"It is, however, distinctly understood and agreed that, in order to place the premises above described in a condition acceptable to the said lodge, it has become necessary for the said James H. Lieber to enter into a contract for the erection of certain improvements at an agreed expense of $620.00, with the contractor, C. T. Fincham, and it is understood that should, upon examination of the abstract of title, it be found that the title to said property failed, or was not such as provided for in said contract of purchase, and on such account said purchase not be consummated, then, in such event, the said Nicholson, Sames, and Moore, agree to pay said expense of $620.00; but should the said James H. Lieber make failure or default in complying with the terms and conditions of said purchase contract, and thereby surrender and forfeit the earnest money of $750.00 on said contract, it is further distinctly understood and agreed that the said James H. Lieber shall be liable unto the said Nicholson, Sames, and Moore for an additional $320.00 as liquidated damages by reason of such default."

The cause was tried by the court without a jury, and judgment was rendered for plaintiff in error for the amounts paid under the contract of sale, the amount expended under the supplemental contract, and the sum of $195 for certain plumbing and electrical work on a building constructed on the land, denying recovery of other amounts claimed and the foreclosure of a mechanical lien. The court further rendered judgment against plaintiff in error in the sum of $145 for loss of rent by defendants in error, because of the delay of plaintiff in rejecting the title.

From the judgment against plaintiff in error there was no appeal. The Court of Civil Appeals reversed and rendered the judgment of the district court, in so far as plaintiff in error recovered against defendants in error, and affirmed the judgment in favor of defendants in error against plaintiff in error. 153 S. W. 641.

Both the district court and the Court of Civil Appeals hold that plaintiff in error, under the contract, was authorized to insist that he be furnished a good record title and to reject a title good only by limitation.

It is conceded that the record title of de-

206 S.W.—33

fendants in error was defective. Has plaintiff in error, by any default on his part or breach of the contract of sale, debarred himself from the right to recover the advance payments made under said contract?

The Court of Civil Appeals held that, under the contract, it was the duty of plaintiff in error to examine the abstract within 30 days after its delivery and at the end of that time to point out the defects, if any, giving defendants in error a reasonable time for correction; that the limitation upon the time for the pointing out of the defects was material. This construction is not complained of by any proper assignment of error. Indeed, plaintiff in error, in effect, so pleaded the contract, alleged compliance therewith; and upon this, and the failure of defendants in error to correct the defects and tender a good record title, he predicates his right of recovery.

On the 9th day of April, 1910, being the thirty-first day after the delivery of the abstract, the attorneys of plaintiff in error delivered to him an opinion on the title; several defects were specified. Therein the attorneys said:

"This title does not go back to the sovereignty of the soil, but it has been' held by your vendors and their vendors in such way as to give perfect title by limitation."

On the same day, plaintiff in error addressed a letter to one of defendants in error, quoting from his attorneys' opinion the various objections to the title, but omitting that portion of the opinion hereinabove quoted.

Defendants in error promptly corrected all the defects thus pointed out, to the satisfaction of the attorneys of plaintiff in error.

On May 26, 1910, the attorneys of plaintiff in error delivered to him a second opinion on the title, again directing attention to the fact that the title of defendants in error did not connect with the sovereignty of the soil, but that they had a perfect title by limitation. The opinion specified other defects not incorporated in their opinion of April 9th. This opinion was delivered to defendants in error, and plaintiff in error advised defendants in error that, by reason of the defects set out in this last opinion, he would not go further with the transaction, and immediately and positively declined to consummate the purchase, affording defendants in error no opportunity to remedy these defects.

[1] The right of plaintiff in error to recover the advance payments must be determined by the contract. The contract of sale herein provides for such advance payments and the conditions upon which plaintiff in error would be entitled to a return of the same. The burden is upon him to show that he has fully complied therewith.

[2] Under the contract, as held by the Court of Civil Appeals, it was the duty of

plaintiff in error, at the end of the 30 days given him in which to examine the title, to point out all defects which he deemed material. In this, the Court of Civil Appeals finds he made default. He did, within the time, give notice of some of the defects, but failed to point out others of which he then had knowledge.

The pointing out of defects within the time was as much the duty of plaintiff in error, under the contract, as was the furnishing of the abstract the duty of the defendants in error. This provision cannot be disregarded. It is an integral part of the contract inserted with purpose. Upon the performance of this duty hinged and depended the obligation of the defendants in error to correct the defects. The defects were to be corrected when properly pointed out, and defendants in error were obligated to correct only the defects so pointed out. 39 Cyc. 1413; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979, 982; Curtis v. Aspinwall, 114 Mass. 187, 19 Am. Rep. 332.

It is true, ordinarily, that a purchaser cannot be required to accept a title substantially different from that contracted for. But defendants in error are not seeking to enforce specific performance of the contract. They defend against the recovery of money paid in part performance of an executory contract on the sufficient ground that plaintiff in error, being himself in default, is precluded from such recovery. 39 Cyc. 1422; Kane v. Jones, 46 Wash. 631, 91 Pac. 2.

[3] It is urged that defendants in error should not be permitted to retain the money paid because they failed to tender the character of title contracted for. So far as the record shows, this failure may have been the result of the default of plaintiff in error. It is not disclosed that defendants in error could not or would not have tendered such title had the defects been pointed out and they given opportunity to correct the same. It was conceded on the trial that defendants in error had a good title by limitation. Such title, as stated by the Court of Civil Appeals, could be converted into a record title by proper releases or deeds from all adverse claimants or by suit and final adjudication between all claimants in a court of competent jurisdiction. It was incumbent upon plaintiff in error to point out all the defects which he deemed material to remedy, in order to a title of the character contracted for or a title such as he would be willing to accept. He had the right to ignore or waive defects and demand the conveyance of such title as the vendor had, the contract provision for a good title inuring to the benefit of the purchaser. 39 Cyc. 1524; Hughes v. Adams, 55 Tex. Civ. App. 197, 119 S. W. 134. The tender of a good record title was conditioned upon and subject to the disclosure of defects. Plaintiff in error being in default rendered fur-

ther performance or attempted performance by defendants in error futile. 13 C. J. 567. Being thus in default, he cannot be heard to object to the retention of the advance payments on the ground of the tender of a defective title.

Defendants in error, under the contract, were bound to correct all defects properly pointed out by plaintiff in error capable of correction within a reasonable time. They could not arbitrarily refuse to perform this duty. Defendants in error being thus bound, plaintiff in error was likewise bound to point out the defects within the time provided and afford defendants in error a reasonable time in which to correct same. Failing in this, he is in no position to seek a recovery of the advance payments. Such recovery, under the clear and unambiguous terms of the contract, could be had only if plaintiff in error, in good faith, within the time pointed out defects which defendants in error failed to correct within a reasonable time. In such case, plaintiff in error, being without default, can recover on the ground that the title tendered was not the title contracted for. 39 Cyc. 1521, 1413; Kane v. Jones, 46 Wash. 631, 91 Pac. 2.

To hold otherwise would not only violate the express terms of the contract, but would be inequitable, placing the vendor wholly at the mercy of the purchaser, tying up the vendor's land, requiring him to go to the expense of furnishing an abstract, and when, as in this case, some of the defects are pointed out, the trouble and expense of correcting same, while the purchaser may speculate with the land seeking a resale at a profit to himself and, failing in such resale, refuse to consummate the purchase and recover the money paid.

[4] As to the amount expended under the supplemental contract, that contract makes a recovery thereof contingent upon a compliance with the contract of sale. Plaintiff in error having made default in complying with the terms and conditions of the contract of sale and thereby surrendered and forfeited the earnest money, defendants in error are entitled under the terms of said contract to retain the same as liquidated damages.

[5] Plaintiff in error urges that the trial court, having filed findings of fact and conclusions of law, and the same not having been excepted to, such findings are conclusive on appeal. Where, as in this case, a statement of facts appears in the record, findings of fact need not be excepted to in the trial court to be subject to review on appeal. Voight v. Mackie, 71 Tex. 78, 8 S. W. 623; Tudor v. Hodges, 71 Tex. 392, 9 S. W. 443; Hahn v. Kellogg, 42 Tex. Civ. App. 182, 94 S. W. 391.

[6] Plaintiff in error contends that the trial court having found as a fact that on April 9th he gave notice to defendants in error of all the defects in the title pointed

out by his attorneys, and such finding being based upon conflicting evidence, the Court of Civil Appeals was without authority to substitute its own finding and reverse and render the judgment, and the case should have been remanded.

From a careful examination of the record, we conclude there was no evidence to sustain such finding by the trial court, and the Court of Civil Appeals was authorized to substitute its own finding and thereon reverse and render the judgment.

[7] The trial court rendered judgment in favor of plaintiff in error for the sums of money paid under the contract of sale, the amount expended under the supplemental contract, and the additional sum of $195 for certain plumbing and electrical work performed by the firm of which plaintiff in error was a member, and by the said firm assigned to him.

The Court of Civil Appeals reversed and rendered this judgment. As to all of the judgment except the $195 item, we are of opinion that the judgment of the Court of Civil Appeals is correct and should be affirmed; but, as to this item, we think said judgment is erroneous. The $195 was entirely independent of the forfeiture clauses in the contract of sale and supplemental contract. The trial court found that—

"With the consent of defendants, plaintiff performed the plumbing and electrical work at the agreed price of $195, which was a reasonable charge for the work performed. This $195 has never been paid to plaintiff."

The Court of Civil Appeals made no finding as to this item, and the record discloses that there was evidence to sustain the finding of the trial court.

We are of opinion that the judgment of the Court of Civil Appeals, in so far as it reverses the judgment of the district court allowing recovery by plaintiff in error against defendants in error, for the sum of $195 with 6 per cent. interest from September 19, 1910, should be reversed, and the judgment of the district court affirmed, and in all other respects the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission is approved and will be entered as the judgment of the Supreme Court.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes