**TEMPLE HILL DEVELOPMENT CO. v. LINDHOLM et ux. (No. 231–3410.)**

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Appeal and error ⬤⇒722(1)—Appellant may either adopt assignments in motion for new trial or independent assignments.**

An appellant may adopt either the assignments of error set out in his motion for new trial or the assignments filed independently of those in the motion.

**2. Appeal and error ⬤⇒265(1)—On exception to judgment, exceptions need not be taken to findings of court.**

Where trial is before court without jury and judgment is excepted to, exceptions need not be taken to the findings of fact and conclusions of law as a prerequisite to review.

**3. Appeal and error ⬤⇒1008(1), 1114—Findings by court are not conclusive on appeal, where a statement of facts appears in the record.**

Findings of fact by court sitting without jury are not conclusive on appeal, where a statement of facts appears in the record; and, where the Court of Civil Appeals has not passed on their sufficiency to support the judgment, the cause should be remanded for it to pass thereon.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Temple Hill Development Company against Eric A. Lindholm and wife. Decree for defendants, and plaintiff appealed to the Court of Civil Appeals, which affirmed the judgment (212 S. W. 984), and the plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court to pass upon the sufficiency of facts.

Wm. C. Church and T. F. Mangum, both of San Antonio, for plaintiff in error.

Barrett, Eskridge & Barrett, of San Antonio, and Hood Boone, of Pharr, for defendants in error.

TAYLOR, P. J. Plaintiff in error, Temple Hill Development Company, brought this suit against Eric Lindholm and wife, defendants in error, to recover two lots in an addition to the city of San Antonio and to enjoin defendants in error from residing thereon.

Plaintiff in error claims under a written contract, the terms of which it alleges were violated by defendants in error in failing to comply with certain building restrictions under which the lots were purchased.

Trial was before the court without a jury. Judgment was rendered in favor of defendant in error. Motion for new trial, challenging the correctness of the court's findings, and questioning whether the facts supported the judgment, was overruled. Plaintiff in error excepted to the overruling of the motion, and gave notice of appeal. It also requested the court to file findings of fact and conclusions of law. The request was complied with, and the findings and conclusions were filed, subsequent to the overruling of the motion for new trial. No assignments of error were filed by plaintiff in error separate from those set up in the motion.

The Court of Civil Appeals affirmed the judgment of the trial court (212 S. W. 984), without determining whether the facts support the judgment, or without testing the court's findings by the evidence as disclosed by the statement of facts.

The Court of Civil Appeals, speaking upon this point, says:

"There was no exception taken and properly preserved in the record or any assignment made challenging the accuracy of the court's findings, which appellant requested to be filed, and in the absence of such an assignment we are not at liberty to question the accuracy thereof, and, as the court found all the facts against appellant and in favor of the appellees, they will not be disturbed."

Plaintiff in error complains of the court's failure to consider the assignments as presented, especially with respect to the accuracy of the findings and the sufficiency of the facts to support the judgment.

[1] The assignments presented in plaintiff in error's brief in the Court of Civil Appeals are substantially the same as those set up in its motion for a new trial. It is settled that an appellant may adopt either the assignments of error set out in his motion, or the assignments filed independently of those in the motion. Barkley et al. v. Gibbs et al., 227 S. W. 1099, not yet [officially] reported.

[2] It is also settled that where there is a trial before the court without a jury and the judgment of the court is excepted to, it is not necessary that exceptions be also taken to the court's findings of fact and conclusions of law as a prerequisite to review, under due assignments of error. Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Goodman v. U. S. Peck & Co. (Civ. App.) 192 S. W. 785.

[3] The findings of fact are not conclusive on appeal, where, as in this case, a statement of facts appears in the record. Voight v. Mackie, 71 Tex. 78, 8 S. W. 623; Leiber v. Nicholson (Com. App.) 206 S. W. 512.

We are of the opinion that the judgment of the court of Civil Appeals should be reversed, and that the cause be remanded to that court in order that it may pass upon the sufficiency of the facts to support the judgment; and we so recommend.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed.