### PHIPPS v. HEMPHILL. (No. 2402.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 10, 1924.)

**1. Appeal and error ⟨Key⟩747(2)—Overruling of exceptions to answer not considered where not preserved by exceptions to ruling nor presented by assignment of error.**

Where plaintiff did not preserve any exceptions to court's action in overruling his exceptions to defendant's answer, nor present court's action by cross-assignment of error, defendant's answer on appeal was before appellate court as though no exceptions had been urged against it.

**2. Justices of the peace ⟨Key⟩174(2½)—Rules as to pleadings in justice court apply on appeal in county court.**

Rules of pleading applicable to pleadings in justice court apply to trial de novo in county court; such pleadings may be oral, and are not required to be as specific as when case originates in county court.

**3. Evidence ⟨Key⟩469—Plea of payment not subject to general demurrer as attempting to vary written instrument by parol.**

In action on note, defendant's plea of payment and charge that written contract was carried out and performed by payment would not be subject to general demurrer, as attempting to vary instrument by parol.

**4. Bills and notes ⟨Key⟩511—Defendant held entitled to prove payment of note by services rendered pursuant to agreement made contemporaneously with note.**

In action on note, defendant was entitled to prove payment by services rendered pursuant to agreement made at time of executing note.

**5. Appeal and error ⟨Key⟩1011(1) — Appellate court not bound by trial court's findings in absence of evidence to support them.**

Court's finding of fact on conflicting evidence will not be disturbed, but; where there is no evidence to warrant judgment of the court, appellate court is not bound by such finding.

**6. Appeal and error ⟨Key⟩1008(1)—Court's finding of fact stands on basis of jury finding.**

On trial without jury, court's finding of fact stands on the basis of a jury finding.

**7. Bills and notes ⟨Key⟩527(1)—Court held not warranted in disregarding defendant's uncontroverted testimony of payment.**

In action on note, court held not warranted in disregarding defendant's uncontroverted tes-

timony that note had been paid by services rendered.

Appeal from Hale County Court; Meade F. Griffin, Judge.

Action by A. G. Hemphill against W. W. Phipps. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Kinder & Russell, of Plainview, for appellant.

M. J. Baird, of Plainview, for appellee.

RANDOLPH, J. This suit was originally filed in justice court, and on a trial in that court judgment was rendered against the plaintiff, Hemphill, and in favor of defendant, Phipps. Appeal was taken by Hemphill to the county court, where, on trial de novo, judgment was rendered in favor of Hemphill, and from that judgment defendant, Phipps, has appealed to this court.

Plaintiff Hemphill's suit was based upon a promissory note given by Phipps and payable to the order of Hemphill and Parmer, and Parmer's interest was transferred by indorsement to Hemphill.

Defendant, Phipps, pleaded payment and satisfaction of the note, in that it was given to evidence the premium on a life insurance policy written for defendant, and that as an inducement for defendant to take the policy the plaintiff agreed that defendant might pay and satisfy the note in services, such services to be rendered in defendant assisting Parmer in soliciting life insurance and in introducing him to acquaintances of defendant who might be interested in life insurance, and that in accordance with such agreement defendant had fully performed the services, and that the note was thereby fully satisfied, and, further, that defendant would not have executed the note nor taken the policy except for such agreement, and, that since defendant had complied with the agreement and rendered the services agreed on, appellee is estopped from collecting the note.

Plaintiff filed a general exception and also a special exception that the defendant's answer sets up as a defense to the plaintiff's suit on the note a contemporaneous oral agreement which varies the terms of the written contract.

[1] The trial court overruled plaintiff's exceptions, and, on hearing the case, gave judgment for the plaintiff. The plaintiff did not preserve any exception to the action of the court in overruling his exceptions, and that action of the court is not presented here by plaintiff by cross-assignment of error; hence the case is before us as though no exceptions had been urged against defendant's answer.

[2-4] The plaintiff insists that, because the defendant's pleading is subject to a general demurrer, the court committed no error in rendering judgment for the plaintiff. This does not necessarily follow. The rule of pleading applicable to pleadings in justice court apply to the trial de novo in the county court. Such pleadings may be oral, and are not required to be as specific as when a case originates in the county court. Barnes v. Sparks, 62 Tex. Civ. App. 451, 131 S. W. 611; Threadgill v. Shaw (Tex. Civ. App.) 130 S. W. 707; Houston & T. C. Ry. Co. v. Southern Architectural C. & S. Co., 112 Tex. 139, 245 S. W. 647. The written pleading, however, presents a plea of payment, and a charge that the written contract was carried out and performed by payment. He is not attempting to vary the written instrument, but is attempting to show performance, hence the pleading would not be subject to a general demurrer upon that score, and defendant is entitled to prove payment of the note by services rendered—this because the agreement has been executed as charged by him. 2 Joyce on Commercial Paper, § 973; Barcus v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 197 S. W. 478; 22 C. J. § 1610, p. 1210.

[5] The trial court heard defendant's testimony, and, presumably found contrary to it. There was no testimony introduced by plaintiff contradicting defendant's and his witnesses' testimony. Where there is conflicting evidence, the court's finding of fact will not be disturbed, but, where there is no evidence in conflict with the evidence tendered—no evidence to warrant the judgment of the court—this court is not bound by such finding. Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 514, 515. Especially is this true where the opposing party refuses to controvert or deny the facts testified to by defendant.

[6, 7] The court tried this case without a jury, and his findings of fact stand on the basis of a finding by a jury. He was not warranted in disregarding the defendant's testimony. Watson v. Miller Bros., 82 Tex. 284, 17 S. W. 1053.

Because of the fact that the plaintiff may have been misled by taking the view of the matter that the court took below, and was thereby induced not to put on any evidence, we decline to render judgment for defendant, but reverse the judgment of the trial court and remand same for another trial.