**DOOLEY et al. v. GRAY.**

No. 7716.

Court of Civil Appeals of Texas. Austin.

Nov. 10, 1932.

Rehearing Denied Nov. 30, 1932.

Critz & Woodward, of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellee.

BAUGH, J.

Appellants sued appellee for a balance alleged to be due upon a $2,000 note, dated January 8, 1925, due January 1, 1926, credited with payments of $1,500 on the principal, and with interest to January 1, 1927, executed by appellee, payable to D. L. Snodgrass, and by him indorsed to his sister, appellant here, on July 6, 1925. Appellee defended on the ground that this note was in renewal and extension of notes formerly executed by him to F. L. Snodgrass, father of D. L. Snodgrass, for borrowed money; that F. L. Snodgrass had owed appellee $500 for many years and had agreed to credit said notes with that sum upon final settlement; that, after his death, D. L. Snodgrass, executor of the last will of F. L. Snodgrass, at the time of such renewal, agreed to give such credit when such note was paid. The case was submitted to a jury upon special issues, in response to which they found as follows:

(1) That F. L. Snodgrass owed appellee $500.

(2) That F. L. Snodgrass had agreed with appellee to allow him credit for said sum on the note executed to F. L. Snodgrass.

(3) That D. L. Snodgrass, as executor of the estate of F. L. Snodgrass, deceased, had made the same agreement as to the note sued upon.

(4) That, when appellee made the last payment of $500 and interest to D. L. Snodgrass on January 4, 1927 ($1,000 and interest to January 8, 1926, having been paid by appellee on December 12, 1925), D. L. Snodgrass then agreed to allow appellee a credit for said $500 which his father owed to appellee, in full settlement of the note sued upon.

Judgment was accordingly rendered that appellant take nothing, from which she has appealed.

[1-4] Appellant's first contention is that the pleadings and proof undertake to vary by parol a written contract between the parties. This contention is not sustained. The general rule is elementary that parol evidence is not admissible to vary or contradict the terms of a written instrument, and that such rule applies to bills and notes. But it is likewise well settled that a parol agreement made at the time of the execution and delivery of a written instrument, or afterwards, to apply certain credits as payment thereon, or to show payments other than those indorsed on the instrument, is enforceable and may be shown by parol. Such matters relate to the performance of the contract, and do not vary nor contradict it. Nalle v. Gates, 20 Tex. 315; Allen v. Herrick Hdw. Co., 55 Tex. Civ. App. 249, 118 S. W. 1157; Rahe v. Yett (Tex. Civ. App.) 164 S. W. 30; Barcus v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 197 S. W. 478; Phipps v. Hemphill (Tex. Civ. App.) 267 S. W. 310; Pope v. Hennessey (Tex. Civ. App.) 38 S.W.(2d) 834; 22 C. J. 1210; 6 Tex. Jur. 960; 17 Tex. Jur. 847. In the in-

stant case it also appears that a part of the consideration for the execution of said note for $2,000 was that appellee should be given credit, when it matured, for the $500 that F. L. Snodgrass owed him.

Appellant next contends that the $500, being an open account due by F. L. Snodgrass to appellee for an automobile purchased by Snodgrass from appellee's son in 1918, was long since barred by limitation, and that appellee could not claim same as a credit. With this we do not agree. This indebtedness of F. L. Snodgrass to appellee was never denied nor repudiated, but appears to have been recognized by F. L. Snodgrass during his lifetime and by D. L. Snodgrass, his executor, after his death. While appellant contends that such debt was due W. A. Gray, the son of appellee, it is not controverted that appellee furnished his son the money with which to purchase the automobile sold to Snodgrass, that the $500 debt was considered and understood by all parties as being due to appellee himself, and was so recognized and dealt with both by F. L. Snodgrass and his executor, D. L. Snodgrass. Appellant is not claiming as an innocent purchaser of the note in question, but only such rights as accrued to the payee of the note. Under such circumstances we think both F. L. and D. L. Snodgrass would clearly have been estopped to assert that the debt was due to W. A. Gray, and not to his father, appellee here, and that appellant is likewise so estopped. Testimony therefore showing these matters was clearly admissible.

Nor would limitation apply to the debt. While the debt of Snodgrass to appellee was clearly barred by limitation as a separate obligation when the note sued upon was executed, the jury found that both at the time of the execution of the note and on the date of the last payment thereon in January, 1927, the payee recognized such debt and agreed to give appellee credit for it on the note. That a barred debt is sufficient consideration for a new promise to pay is now settled. Shearon v. Henderson, 38 Tex. 246; Central Nat. Bank v. Latham & Co. (Tex. Civ. App.) 22 S.W.(2d) 765, 768; 6 Tex. Jur. 652. Agreement to give appellee credit for it was tantamount to a promise to pay it, and binding upon the payee of the note. When appellee had paid all but $500 on the note sued upon, that, under the agreement found by the jury to have been made, discharged the note in full.

Appellant's propositions 9 to 19 relate to the admission of testimony of W. A. and Grier M. Gray with reference to the transactions involved, to conversations they had with Snodgrass, and to the issues submitted to the jury. It is not necessary to discuss them in detail. The objections to the evidence were based chiefly upon the grounds that it tended to vary by parol the written instrument or that the credit claimed was barred by limitation. These matters we have discussed above. Other objections, without discussing them here, relate rather to the credibility of the testimony than to its relevancy or admissibility, and were a matter for the jury to pass upon.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.