### TYLER CONST. CO. v. BROWNING-FERRIS MACH. CO.

#### No. 13201.

Court of Civil Appeals of Texas. Dallas.

May 8, 1942.

Rehearing Denied June 12, 1942.

Leslie Neill and Pollard, Lawrence & Reeves, all of Tyler, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster and Henry D. Akin, all of Dallas, for appellee.

LOONEY, Justice.

Browning-Ferris Machinery Company sued Frank Fowzer, doing business as Fowzer Boiler Works, to recover balance due on two promissory notes (of a series of six) given by Fowzer as part of the purchase price of a certain tractor, and to foreclose the lien of a chattel mortgage thereon. Fowzer confessed judgment. The Tyler Construction Company, appellant herein, intervened, claiming to be an innocent purchaser of the tractor; praying that its title thereto be adjudged free from any and all claims, liens and demands of appellee, and that its claim be canceled and removed as a cloud upon appellant's title. The case was tried without a jury and resulted in judgment for appellee for debt and foreclosure as prayed, and further that, the appellant, as intervenor, take nothing, to which it excepted, gave notice of and perfected this appeal.

The appeal is based upon assignments that challenge certain of the court's findings because not supported by evidence.

Appellee insists that the court's findings are not subject to review, because appellant failed to object or except to same. Several cases are cited in support of that contention. We do not think appellee's contention is sound, or that the cases cited support the contention. In Henderson v. Odessa Building & Finance Co., Tex.Com. App., 27 S.W.2d 144, the judgment was not excepted to and the record reveals the same as to Clay v. Maxwell, Tex.Civ.App., 84 S.W.2d 785, which was based upon Continental Ins. Co. v. Milliken, 64 Tex. 46. In Bliss v. American State Bank & T. Co., Tex.Civ.App., 90 S.W.2d 630, the question was not raised in the brief; and in McCray v. Kelly, Tex.Civ.App., 130 S.W.2d 458, the findings were not attacked on appeal.

■ The court's judgment having been excepted to, it follows necessarily, we think,

that the findings upon which it was based may be reviewed on appeal without further ado. See Voight v. Mackle, 71 Tex. 78, 8 S.W. 623; Hess & Skinner E. Co. v. Turney, 109 Tex. 208, 203 S.W. 593; Temple Hill Development Co. v. Lindholm, Tex.Com. App., 231 S.W. 321; Lieber v. Nicholson, Tex.Com.App., 206 S.W. 512; De Bruin v. San Domingo Land & Irrigation Co., Tex. Civ.App., 194 S.W. 654; Smith v. Abadie, Tex.Civ.App., 67 S.W. 1077.

After purchasing the tractor, Fowzer took same to Nueces County where the mortgage was registered. About a year later, he returned the same for repairs to plaintiff's place of business in Houston, Harris County, where it remained about thirty days; and, in the meantime, Fowzer either sold the tractor outright to the Tyler Construction Company, a corporation, of Tyler, Texas, or conditionally sold and delivered same to said company, there being a controversy in regard to the nature of the transaction. The court found in favor of the conditional sale theory, and that no title immediately passed, but, as we view the matter, it is immaterial whether the sale was absolute or conditional, as Tyler Construction Company took the machine with knowledge of appellee's claim and obligated itself to satisfy same.

■ After the transaction with Fowzer, the Tyler Construction Company took the machine to San Patricio County, to be used on a job, where it remained for more than four months. Although the issue was controverted, the evidence, in our opinion, justified the conclusion that Mr. Wooldridge, vice-president and manager of appellee, thought Tyler Construction Company was taking the machine back to Nueces County and gave no permission for it to be taken into and used in San Patricio County. That being true, the provisions of Art. 6645, R.C.S., do not apply. See 9 Tex.Jur. (Chattel Mortgages) pp. 103, 104, Sec. 21.

The name of the original Tyler Construction Company was changed to that of Carter Construction Company; Mr. W. F. Carter owning its stock and being its president and active head. Later, when the corporation was going out of business, Mr. C. M. Gribble, who, for several years, had served the corporation as superintendent, purchased certain of its equipment, including the tractor in question; and thereafter had intervenor corporation chartered, adopting the same name as the original Tyler Construction Company, and the Carter Construction Company transferred the equipment previously purchased by Gribble to the new corporation, appellant herein. The consideration for the new equipment purchased by Gribble was a cash payment applied to the liquidation of an indebtedness due by the older corporation to Tyler State Bank & Trust Company; and notes for the balance (about $3,500) were passed to said Bank & Trust Company to be held in trust, and when collected, the proceeds to be applied on the indebtedness owing by the older corporation. There remained uncollected at the time of trial between eleven and twelve hundred dollars.

Appellant contends that, "The court erroneously concluded that intervenor, Tyler Construction Company, was not a bona fide purchaser for value of the property, and by implication found that Tyler Construction Company had notice of the claim of Browning-Ferris Machinery Company, which is not supported by any evidence."

■ The proposition just quoted, in our opinion, presents the only material question in the case. Gribble had been connected with the former corporation for several years as its superintendent, and, although denied by him, the evidence justified the conclusion that he knew of the existence of appellee's claim at the time of his purchase. The finding of the trial court to that effect, in our opinion, is sustained by the evidence. That being true, it cannot be correctly said that the intervenor was an innocent purchaser of the property, consequently holds same subject to the payment of appellee's debt, and this, without regard to the correctness, whether or not, of any other finding made by the trial court. 9 Tex.Jur. (Chattel Mortgages) pp. 107, 108, Sec. 24.

The judgment of the trial court, in our opinion, should be and is hereby affirmed.

Affirmed.