GEORGE SWANSON V. PEARL SWANSON.

No. A-2524. Decided March 15, 1950.
(228 S. W., 2d Series, 156.)

*Milburn, Milburn and Milburn* and *C. F. Milburn,* all of Oddessa, for appellant.

Where there is a statement of facts in the record there is no necessity for exceptions to judgment or findings in a divorce case to enable the appellate court to review the sufficiency of the evidence. Vought v. Mackle, 71 Texas 78, 8 S. W. 623; Continental Ins. Co. v. Milliken, 64 Texas 46; Tudor v. Hodges, 71 Texas 395, 9 S. W. 443.

*Downey & Parr* and *Roy A. Downey*, all of Odessa, for Appellee.

Where trial court's findings of fact are not excepted to, and no object made thereto nor to the judgment entered, nothing is presented for appellate court to consider. Henderson v. Odessa Bldg. and Finance Co., 27 S. W. (2d) 144; Hardwicke v. Trinity Universal Ins. Co., 89 S. W. (2d) 500; Clay v. Maxwell, 84 S. W. (2d) 785.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case is here on a certified question. The material facts certified are as follows: Pearl Swanson sued George Swanson for a divorce in the District Court of Ector County. The trial was before the court without a jury, and a judgment was entered in favor of Pearl Swanson, granting her a divorce and decreeing a division of the community property, and awarding her the custody of the minor child. On motion of appellant, the trial court filed its findings of fact and conclusions of law. George Swanson appealed to the Court of Civil Appeals, and that court reversed the judgment of the trial court, on the ground that Pearl Swanson's evidence was insufficient to sustain the judgment of the trial court awarding the divorce. The transcript fails to show that appellant took any exception to the judgment entered, nor did he file in the trial court any exceptions to the court's findings of fact and conclusions of law, and he did not request additional findings. The transcript does not show that a motion for new trial was filed, and the Court of Civil Appeals assumed that such a motion was filed. We quote from the certificate the following:

"A notice of appeal was filed with the clerk. The trial court found: 'That defendant is guilty of cruelty and excesses toward plaintiff.' In the conclusions of law appears the following: 'That plaintiff is entitled to a divorce from defendant.' In the judgment the court found: 'That the material allegations of plaintiff's petition are true and correct and that she is entitled to a divorce.' There is a statement of facts in the record on appeal.

"Appellant having failed to except to the judgment entered, having failed to except to the court's findings of fact and conclusions of law, there is grave doubt in our minds as to our power to or the propriety of our entertaining the attack made on the judgment for the divorce as being unsustained by the evidence. It is true there is a statement of facts, agreed to by the respective attorneys of the parties. The trial court in this case was afforded no opportunity to correct its judgment.

"In this case, so far as appears from the transcript, at the time the judgment complained of was pronounced appellant failed to make known his exceptions thereto. See R. C. P. No. 373. Aside from a request for findings of fact and conclusions of law there is no evidence that the trial judge had any notice of any objection to the judgment. As to the findings made at his request and also as to findings contained in the judgment, appellant made no exceptions in the trial court unless the notice of appeal filed with the clerk several days subsequent to the pronouncement of the judgment can be considered as an exception thereto.

"In the light of the facts stated in this certificate and in our original opinion, we most respectfully certify to your Honors the following question:

"Did we err in considering appellant's points of error asserting that the evidence was insufficient to support the judgment of divorce?

"Accompanying this certificate are the transcript and statement of facts, the briefs of the parties, the motion for rehearing, and our opinion."

A notice of appeal was filed with the district clerk within ten days after the date of the judgment, as required by Rule 353, Texas Rules of Civil Procedure. The record contains not only the findings of fact and conclusions of law, but also a transcript and a statement of facts. The Court of Civil Appeals considered the statement of facts, and in its opinion reverses the judgment of the trial court on the ground that the evidence was insufficient to support the judgment of the trial court. Pending a motion for rehearing, the Court of Civil Appeals has certified the foregoing question.

Appellant in his brief filed in the Court of Civil Appeals attacks the judgment of the trial court because the evidence is

not sufficient to support the judgment granting appellee a divorce.

■ Prior to the adoption of the Texas Rules of Civil Procedure it long had been the rule that in order to review them on appeal it was not necessary that exceptions to findings of fact and conclusions of law had been taken, when there was a statement of facts in the record. Hahl v. Kellogg, 42 Tex. Civ. App., 636, 94 S. W. 389, writ refused; Lieber v. Nicholson, Tex. Com. App., 206 S. W. 512; Tudor v. Hodges, 71 Texas 392, 9 S. W. 443; Gillespie v. Crawford, Tex. Civ. App., 42 S. W. 621; Voight v. Mackle, 71 Texas 78, 8 S. W. 623; Temple Hill Development Co. v. Lindholm et ux., Tex. Com. App., 231 S. W. 321; Hess & Skinner Engineering Co. v. Turney, 109 Texas 208, 203 S. W. 593. In this case appellant was entitled to appeal without filing a motion for new trial. Rule No. 324, Texas Rules of Civil Procedure; Hess & Skinner Engineering Co. v. Turney, supra; Craver v. Greer, 107 Texas 356, 179 S. W. 862. Rule No. 1 states that the purpose in adopting the Rules of Civil Procedure was "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants," and to attain that purpose that "the rules shall be given a liberal construction."

■ In this case appellant filed a notice of appeal with the clerk, and a statement of facts was prepared and sent to the Court of Civil Appeals as part of the record, and same was considered by that court. There is nothing in the rules which provides that in a case tried before the court without a jury the findings of fact are conclusive on appeal when a statement of facts appears in the record. Tudor v. Hodges, 71 Texas 392, 9 S. W. 443; Gillespie v. Crawford, Tex. Civ. App., 42 S. W. 621, writ refused; Voight v. Mackle, 71 Texas 78, 8 S. W. 623; Hess & Skinner Engineering Co. v. Turney, 109 Texas 208, 203 S. W. 593; Temple Hill Development Co. v. Lindholm, Tex. Com. App., 231 S. W. 321; Lieber v. Nicholson, Tex. Com. App., 206 S. W. 512; Tyler Const. Co. v. Browning-Ferris Machine Co., Tex. Civ. App., 163 S. W. (2d) 701.

We answer the certified question, "No."

Opinion delivered March 15, 1950.

No motion for rehearing filed.