Opinion issued January 16, 2003.
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00096-CR




TONY DEASE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 890700




MEMORANDUM OPINION

          Appellant, Tony Dease, was indicted on one felony count of indecency with a
child and one felony count of aggravated sexual assault of a child, the two offenses
alleged to have occurred on different occasions. A jury found him guilty of felony
indecency with a child but acquitted him on the charge of felony aggravated sexual
assault of a child. The trial court assessed punishment at 45 years imprisonment. 
Appellant challenges his conviction by claiming that (1) the evidence presented at
trial was legally insufficient to support his conviction, (2) the evidence presented at
trial was factually insufficient to support his conviction, and (3) the trial judge
committed reversible error by incorrectly issuing an Allen charge to the jury when it
informed the court that it had reached a unanimous verdict on one indictment but was
deadlocked on the other. We affirm the judgment of the trial court.
Background
          Appellant is the uncle by marriage of the victim, N.S., who was seven at the
time of the events at issue. The evidence presented at trial established that, on the
afternoon of February 10, 2001, N.S. went to a rodeo parade with her aunt, who is
appellant’s wife, and several cousins. After the parade, N.S. returned with her aunt
to the apartment in which her aunt and appellant lived. While her aunt dropped the
other children off at their homes, N.S. remained alone in the apartment with appellant. 
          At trial, the State presented N.S.’s testimony that she was sitting on the
apartment’s living room floor when appellant called her over to where he was sitting
on the couch. Appellant told her to sit on his lap and asked N.S. questions about her
“college life.” Using anatomically correct dolls as aids during her testimony, N.S.
described what occurred while she sat on appellant’s lap. N.S. stated that appellant
touched her with his hand, through her pants and underwear, on her “private part,”
a term she used to identify her vagina. N.S. also stated that appellant touched her on
her “bootie,” a term she used to identify her anus. Appellant stopped touching N.S.
when her aunt returned to the apartment, and he told N.S. not to tell anyone what had
happened. 
          The State also presented testimony from Dr. Sheela Laholi, who had examined
N.S. in March 2001, shortly after the allegations of sexual abuse had been reported
to the police. Dr. Laholi testified that the exam results were “normal,” meaning that
the exam results could neither support nor refute the charge of sexual abuse. 
          After the conclusion of closing arguments, the jury deliberated for
approximately seven and one-half hours before sending a note to the trial judge
stating that it had reached a unanimous verdict on the charge of aggravated sexual
assault of a child, but that it was deadlocked on the charge of indecency with a child. 
In response, the trial judge issued the following charge:
Members of the Jury: If this jury finds itself unable to arrive at a
unanimous verdict, it will be necessary for the Court to declare a mistrial
and discharge the jury. The indictment will still be pending, and it is
reasonable to assume that the case will be tried again before another jury
at some future time. Any such future jury will be empaneled in the same
way this jury has been empaneled and will likely hear the same evidence
which has been presented to this jury. The questions to be determined
by that jury will be the same questions confronting you, and there is no
reason to hope the next jury will find these questions any easier to
decide than you have found them. 
With this additional instruction, you are requested to continue
deliberations in an effort to arrive at a verdict that is acceptable to all
members of this jury, if you can do so without doing violence to your
conscience. Do not do violence to your conscience, but continue
deliberating.
Appellant made a timely objection to the jury charge, claiming that the charge was an
impermissible comment on the evidence and an invasion of the province of the jury. 
The court overruled the objection and presented the charge to the jury. The jury
deliberated for two more hours, and it then returned a verdict of guilty on the charge
of felony indecency with a child and a verdict of not guilty on the charge of felony
aggravated sexual assault of a child.Discussion
          Appellant challenges his conviction by claiming that (1) the evidence presented
at trial was legally insufficient to convict him of felony indecency with a child, (2)
the evidence presented at trial was factually insufficient to convict him of felony
indecency with a child, and (3) the trial court committed reversible error by
incorrectly issuing an Allen charge to the jury.
 
Legal and Factual Sufficiency
          To support appellant’s conviction for felony indecency with a child as alleged
in the indictment, the State was required to produce evidence at trial that showed
appellant “unlawfully, intentionally and knowingly engage[d] in sexual contact with
N.S., a child under the age of seventeen years and not the spouse of [appellant], by
touching the genitals of N.S., with the intent to arouse and gratify [his] sexual
desire.”



Appellant challenges the legal and factual sufficiency of the evidence produced at
trial by arguing that the evidence was legally insufficient to establish that he touched
N.S. “with the intent to arouse and gratify [his] sexual desire,” and that the evidence
was factually insufficient to show that appellant touched N.S.’s genitals or that he did
so with the intent to arouse or sexually gratify himself.
           When evaluating the legal sufficiency of the evidence, we must view the
evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We
accord great deference “to the responsibility of the trier of fact [to fairly] resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences
from basic facts to ultimate facts.” Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996). We presume that any conflicting inferences from the evidence were
resolved by the jury in favor of the prosecution, and we defer to that resolution. Id. 
          Our review of the factual sufficiency of the evidence requires us to ask whether
a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). When both the legal and factual sufficiency of the evidence are challenged,
we first review the legal sufficiency of the evidence. Harmond v. State, 960 S.W.2d
404, 406 (Tex. App.Houston [1st Dist.] 1998, no pet.).
          We hold the evidence presented here was legally sufficient to establish that
appellant touched N.S. with the intent to arouse or sexually gratify himself. In
evaluating the sufficiency of evidence establishing an intent to arouse or gratify a
defendant’s sexual desires, the requisite specific intent can be inferred from
“defendant’s conduct, his remarks, and all surrounding circumstances.” Ranson v.
State, 707 S.W.2d 96, 97 (Tex. Crim. App. 1986); McKenzie v. State, 617 S.W.2d
211, 216 (Tex. Crim. App. 1981). N.S. testified that, after appellant touched her, he
told her not to tell anyone about it. This supports an inference that appellant touched
N.S. with the requisite intent for his conviction of indecency with a childthat he
touched her with the intent to arouse or sexually gratify himself. See Branson v.
State, 825 S.W.2d 162, 168 (Tex. App.Dallas 1992, no pet.) (holding evidence
sufficient to support conviction for indecency with child where defendant told victim
not to tell anyone what had happened); Shane v. State, 685 S.W.2d 89, 91 (Tex.
App.Beaumont 1984, no pet.) (holding evidence that defendant told victim not to
tell anyone about abuse supported inference that defendant knew act was wrong, and
that act was committed with intent to arouse or gratify defendant’s sexual desire). 
Viewed in the light most favorable to the verdict, we believe the evidence was
sufficient to enable a rational trier of fact to find beyond a reasonable doubt that
appellant touched N.S.’s genitals with the intent to arouse or gratify his sexual
desires. Appellant’s first issue, the legal sufficiency of the evidence, is overruled.
           Similarly, we conclude the evidence was factually sufficient to establish that
appellant touched N.S.’s genitals, and that he did so with the intent to arouse or
sexually gratify himself. First, appellant argues that the evidence was factually
insufficient to establish that he touched N.S.’s genitals because the medical
examination of N.S. did not reveal any evidence of sexual abuse, and no physical
evidence substantiated her allegations of sexual abuse, and N.S.’s testimony about the
incident in the living room was inconsistent and equivocal. What weight to give
contradictory testimonial evidence is within the sole province of the jury, because it
turns on an evaluation of credibility and demeanor. Cain v. State, 958 S.W.2d 404,
408-09 (Tex. Crim. App. 1997). Thus, a jury is free to believe or disbelieve all or any
part of a witness’s testimony. A court of appeals must show deference to such a jury
finding. Id. at 409. This traditional deference extends to a jury’s determination of
what weight to give the testimony of child victims of sexual abuse. Wallace v. State,
52 S.W.3d 231, 235 (Tex. App.El Paso 2001, no pet.). Although somewhat
disjointed, N.S.’s testimony described the abuse in sufficient detail for the jury to find
enough evidence to convict appellant: N.S. testified that appellant touched her genital
area and buttocks through her clothing, and that after doing so, he told her not to tell
anyone about it. 
          Second, appellant argues that N.S.’s testimony was factually insufficient to
establish that appellant touched N.S.’s genitals because she testified that he touched
her over her clothes. At trial, N.S. testified that appellant touched her genitals and
buttocks, but that he did so without removing her pants or underwear. Sexual contact
sufficient to support a conviction for indecency with a child may occur even when the
child remains clothed. Resnick v. State, 54 S.W.2d 558, 570 (Tex. Crim. App. 1978);
Miles v. State, 247 S.W.2d 898, 899 (Tex. Crim. App. 1952) (holding flesh to flesh
contact not required in offense of fondling); Guia v. State, 723 S.W.2d 763, 764 (Tex.
App.Dallas 1986, pet. ref’d) (“The mere imposition of a layer of fabric between a
person’s hand and the genitals of another did not prevent the occurrence of sexual
contact.”); . Accordingly, we hold the evidence was factually sufficient to support
the jury’s finding that appellant touched N.S.’s genitals. 
          Third, appellant further argues that the evidence was factually insufficient to
establish that he touched N.S. with the intent to arouse or gratify himself. As we
stated above, a fact finder may infer a defendant’s intent to arouse or sexually gratify
himself from “all surrounding circumstances.” Ranson, 707 S.W.2d at 97; McKenzie,
617 S.W.2d at 216. The jury’s finding that appellant touched N.S. with an intent to
arouse or gratify his sexual desire is not against the great weight of the evidence. In
light of all the evidence presented at trial, we cannot say that the evidence presented
was factually insufficient to support appellant’s conviction. Appellant’s second issue,
the factual sufficiency of the evidence, is overruled.
Trial Court’s Allen Charge
          Finally, appellant complains that the trial court committed reversible error
when it gave the jury an Allen charge on the second day of jury deliberations. An
Allen charge attempts to break a deadlocked jury by instructing jurors that the result
of a hung jury is a mistrial, and that jurors at a retrial would be faced with essentially
the same decision, and it encourages the jurors to attempt to resolve their differences
without coercing one another or violating their individual consciences. Allen v.
United States, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896); Torres v. State, 961
S.W.2d 391, 396 n.1 (Tex. App.Houston [1st Dist.] 1997, pet. ref’d).
          Appellant argues that the Allen charge given to the deadlocked jury was an
attempt by the trial judge to coerce the jury into resolving the case. Appellant
contends that this charge impermissibly commented on the evidence and thus violated
Tex. Code Crim. Proc. art. 38.05 (Vernon 2001). Article 38.05 states: 
In ruling upon the admissibility of evidence, the judge shall not discuss
or comment upon the weight of the same or its bearing in the case, but
shall simply decide whether or not it is admissible; nor shall he, at any
stage of the proceeding previous to the return of the verdict, make any
remark calculated to convey to the jury his opinion of the case. 
Id.
          Appellant points to a decision by this Court in which an Allen charge was held
to be improperly coercive. See Griffith v. State, 686 S.W.2d 331, 333 (Tex.
App.Houston [1st Dist.] 1985, no pet.). In Griffith, however, this Court found that
the Allen charge was deficient because it urged the jury to “follow the oath [it] took,”
but lacked cautionary language that “it was proper for [the jurors] to steadfastly
adhere to their individual convictions.” Id. Unlike the charge in Griffith, the Allen
charge in this case contained two reminders from the trial court that the jurors should
“not do violence to [their] conscience[s].” We conclude the Allen charge at issue in
this case was not coercive.
          The Allen charge given here is virtually identical to the one upheld by the Court
of Criminal Appeals in Arrevalo v. State, 489 S.W.2d 569, 571 (Tex. Crim. App.
1973). In Arrevalo, the trial court issued a charge to a jury that had notified the court
that it was deadlocked. In language similar to that used here, the trial court in
Arrevalo informed the jury that the consequences of a hung jury were a mistrial and
a probable retrial in which a future jury would be presented with the same evidence. 
Id. at 571. The Arrevalo charge then requested the jurors to continue deliberating “in
an effort to arrive at a verdict which is acceptable to all members of the jury.” Id. 
The Court of Criminal Appeals overruled a challenge to the Arrevalo charge, stating,
“We have carefully considered the [charge] and find in it nothing conveying the
court’s opinion of the case or commenting on the weight of the evidence. As to the
appellant’s contention [that the charge was coercive] . . . we find nothing in it of a
coercive nature.” Id. at 572. Accordingly, appellant’s third issue is overruled. 
 

Conclusion
          We affirm the judgment of the trial court.



                                                             Frank C. Price



                                                             Justice

Panel consists of Justices Taft, Alcala, and Price.
Do not publish. Tex. R. App. P. 47.2 (b).